UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | § § § | |
| Plaintiff | § § | CASE NO. 6:08-cv-263 |
| vs. | § § | |
| EASYLINK SERVICES INTERNATIONAL CORPORATION, | § § § § | JURY TRIAL DEMANDED |
| Defendant. | | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff j2 Global Communications, Inc. ("j2") hereby alleges for its Complaint against EasyLink Services International Corporation ("EasyLink" or "Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**I.**

**THE PARTIES**

1. j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. j2 provides messaging and communications services to millions of customers around the world.

2. Upon information and belief, EasyLink is a corporation organized under the laws of the State of Delaware with its principal place of business at 6025 The Corners Parkway, Suite 100, Norcross, Georgia, 30092. Upon information and belief, EasyLink is an application service provider offering a variety of messaging services including e-mail and fax messaging services to businesses around the world, including the United States, the State of Texas and, more

particularly, the Eastern District of Texas.  EasyLink allows users, *inter alia*, to send and receive faxes from e-mail and the Internet.

## II.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. As detailed in paragraph 2 above, EasyLink regularly and deliberately engages in activities that occur in and/or result in the sales of goods and/or services in the State of Texas and in this judicial district, which activities result in infringement of United States patents owned by j2.  This Court has personal jurisdiction over EasyLink.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

## III.

## CAUSES OF ACTION

### Infringement of U.S. Patent No. 6,597,688

6. j2 repeats and realleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. United States Patent No. 6,597,688, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '688 Patent"), was duly and legally issued on July 22, 2003, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '688 Patent is attached hereto as Exhibit A.

8. The '688 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the '688 Patent, including the right to sue for past, present, and future infringements thereof. j2 has provided and Easylink has received actual notice of the '688 Patent.

9. EasyLink has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '688 Patent in violation of 35 U.S.C. § 271, *et seq.* EasyLink has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to, RapidFAX$^{TM}$ e-mail to fax product, and EasyLink Production Messaging and EasyLink Desktop Messaging services.

10. EasyLink's activities have been without express, or implied, license by j2.

11. EasyLink will continue to infringe the '688 Patent unless enjoined by this Court. As a result of the infringing conduct of EasyLink, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

12. As a result of EasyLink's infringement of the '688 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

13. Because Easylink has continued its activities after receiving actual notice of the '688 Patent from j2, Easylink's infringement is willful. As a result, j2 is further entitled to

trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

### Infringement of U.S. Patent No. 7,020,132

14.  j2 repeats and realleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

15.  United States Patent No. 7,020,132, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '132 Patent"), was duly and legally issued on March 28, 2006, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '132 Patent is attached hereto as Exhibit B.

16.  The '132 Patent has been in full force and effect since its issuance.  j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof.

17.  EasyLink has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '132 Patent in violation of 35 U.S.C. § 271, *et seq.*  EasyLink has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to, RapidFAX$^{TM}$ e-mail to fax product, and EasyLink Production Messaging and EasyLink Desktop Messaging services.

18.  EasyLink's activities have been without express, or implied, license by j2.

19.  EasyLink will continue to infringe the '132 Patent unless enjoined by this Court. As a result of the infringing conduct of EasyLink, j2 has suffered, and will continue to suffer,

irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

20. As a result of EasyLink's infringement of the '132 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, j2 prays for entry of judgment against EasyLink as follows:

A. That EasyLink has infringed the '688 Patent and the '132 Patent under 35 U.S.C. §§ 271 *et seq.*;

B. That injunctions, preliminary and permanent, be issued by this Court restraining EasyLink, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with EasyLink, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '688 Patent and the '132 Patent;

C. That EasyLink be required to provide j2 an accounting of all gains, profits and advantages derived by EasyLink's infringement of the '688 Patent and the '132 Patent, and that j2 be awarded damages adequate to compensate j2 for the wrongful infringing acts by EasyLink, in accordance with 35 U.S.C. § 284;

D. That as a result of Easylink's willful infringement of the '688 Patent, j2 be awarded treble damages pursuant to 35 U.S.C. § 284;

  E. That this Court declare this case exceptional and award j2 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as a result of Easylink's willful infringement of the '688 Patent;

  E. That j2 be awarded its interest and costs of suit incurred in this action; and

  G. That j2 be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), j2 hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Dated: June 26, 2008

Respectfully submitted,

PATTON, TIDWELL & SCHROEDER, L.L.P.

By:  /s/ Nicholas H. Patton
 Nicholas H. Patton
 Texas Bar No. 156310000
 J. Kurt Truelove
 Texas Bar No. 24013653
 4605 Texas Boulevard
 Texarkana, Texas 75503
 Telephone: (903) 792-7080
 Facsimile: (903) 792-8233
 E-mail: nickpatton@texarkanalaw.com
   ktruelove@texarkanalaw.com
 **Attorneys for Plaintiff,**
 **j2 GLOBAL COMMUNICATIONS, INC.**