UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | § § | |
| Plaintiff | § § | CASE NO. 6:08-cv-263 |
| vs. | § § | HON. LEONARD DAVIS |
| EASYLINK SERVICES INTERNATIONAL CORPORATION, | § § § | JURY |
| Defendant. | § § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS FOR PATENT INVALIDITY
AND NON-INFRINGEMENT**

Defendant EasyLink Services International Corporation ("Defendant"), by and through its counsel, hereby serves its Answer and Affirmative Defenses and Counterclaims for Patent Invalidity and Non-Infringement to Plaintiff's Complaint for Patent Infringement ("Complaint") as follows, and any averments or allegations not expressly admitted herein are denied:

## I.

## THE PARTIES

1. Defendant admits that Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2. Defendant admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 6025 The Corners Parkway, Suite 100, Norcross, Georgia 30092. Defendant further admits that it is an application

1

service provider offering a variety of messaging services, including e-mail and fax messaging services, to businesses around the world, including the United States and the State of Texas. Defendant admits that it provides services that allow customers to send and receive faxes from e-mail and the Internet. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

## II.

### JURISDICTION AND VENUE

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that it provides services within the State of Texas and within the Eastern District of Texas and that the Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that venue may be proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(d), but Defendant asserts that venue in this Court is not convenient and does not comport with the interests of justice. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

### CAUSES OF ACTION

### Infringement of U.S. Patent No. 6,597,688

6. Defendant incorporates its responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. Defendant admits that a document purporting to be a true and correct copy of the '688 Patent was attached to the Complaint as Exhibit A, bears an issue date of July 22,

2003, and that the inventors for the '688 Patent are listed as Anand Narasimhan, Yaacov Shemesh and Amit Kumar. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff provided a copy of the '688 Patent to Defendant and that Defendant received a copy of the '688 Patent from Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

### Infringement of U.S. Patent No. 7,020,132

14. Defendant incorporates its responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

15. Defendant admits that a document purporting to be a true and correct copy of the '132 Patent is attached to the Complaint as Exhibit B, bears an issue date of March 28, 2006, and that the inventors for the '132 Patent are listed as Anand Narasimhan, Yaacov Shemesh and Amit Kumar. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## IV.

## PRAYER FOR RELIEF

21. Defendant denies that Plaintiff is entitled to the entry of judgment against Defendant.

22. As to the unnumbered "Wherefore" clause (and sub-clauses) following Paragraph 20 of the Complaint, Defendant states that this section of the Complaint constitutes Prayers for Relief which do not require a response. To the extent this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, Defendant denies each and every such allegation. Defendant further denies that Plaintiff is entitled to any of the relief specified in its Prayer for Relief and Defendant further requests that this case be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Defendant asserts the following defenses:

### First Affirmative Defense

Venue in this Court is not convenient and does not comport with the interests of justice.

**Second Affirmative Defense**

Defendant has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent 6,597,688 No. (the "'688 Patent"), and Defendant is not liable for any act that would be construed as any form of infringement of the '688 Patent.

**Third Affirmative Defense**

Defendant has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 7,020,132 (the "'132 Patent"), and Defendant is not liable for any act that would be construed as any form of infringement of the '132 Patent.

**Fourth Affirmative Defense**

The statements, representations, and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office during prosecution of the application that matured into the '688 Patent estop Plaintiff from asserting that the claims of the patent encompass or are infringed by Defendant.

**Fifth Affirmative Defense**

The statements, representations, and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office during prosecution of the application that matured into the '132 Patent estop Plaintiff from asserting that the claims of the patent encompass or are infringed by Defendant.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

The '688 Patent is invalid and/or unenforceable and/or no damages may be received by Plaintiff pursuant to one or more provisions of 35 U.S.C. § 101, *et. seq.*, including, but not limited to §§ 102, 103, 112, 286 and/or 287.

### Eighth Affirmative Defense

The '132 Patent is invalid and/or unenforceable and/or no damages may be received by Plaintiff pursuant to one or more provisions of 35 U.S.C. § 101, *et. seq.*, including, but not limited to §§ 102, 103, 112, 286 and/or 287.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damage as a result of any conduct alleged in Plaintiff's Complaint.

### Tenth Affirmative Defense

Defendant has not willfully infringed the '688 Patent.

### Eleventh Affirmative Defense

Defendant has not willfully infringed the '132 Patent.

### Twelfth Affirmative Defense

The '688 Patent is unenforceable because Defendant has misused that patent by attempting to enforce a knowingly invalid patent.

### Thirteenth Affirmative Defense

The '132 Patent is unenforceable because Defendant has misused that patent by attempting to enforce a knowingly invalid patent.

### Fourteenth Affirmative Defense

Plaintiff is not entitled to any injunctive relief against Defendant, including but not limited to the injunctive relief for the RapidFAX™ e-mail to fax product.

### Fifteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction, payment and release.

### Sixteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, on the basis of a license.

### Seventeenth Affirmative Defense

To the extent that Defendant may be found to infringe any valid claim of the '688 Patent for a method of doing business, Defendant asserts prior inventorship under 35 U.S.C. § 273.

### Eighteenth Affirmative Defense

To the extend that Defendant may be found to infringe any valid claim of the '132 Patent for a method of doing business, Defendant asserts prior inventorship under 35 U.S.C. § 273.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the inequitable conduct on the part of Plaintiff and/or the purported inventors and by the doctrine of unclean hands.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by equitable estoppel.

### Twenty-First Affirmative Defense

Defendant reserves the right to assert such other defenses as may appear as discovery proceeds in this case.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT

EasyLink Services International Corporation ("Counterclaimant"), by and through its counsel, hereby alleges as its Counterclaim as follows:

1. Counterclaimant is a corporation organized under the laws of the State of Delaware with its principal place of business at 6025 The Corners Parkway, Suite 100, Norcross, Georgia 30092.

2. Upon information and belief, Counterclaim Defendant j2 Global Communications, Inc. ("j2"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028.

3. Counterclaimant brings this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This counterclaim arises under the patent laws of the United States. 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. Counterclaimant brings its Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure. Counterclaim Defendant j2, by virtue of having brought suit against Counterclaimant in this district, has submitted itself to the jurisdiction of this Court.

6. Assertion of this Counterclaim is expressly contingent on the correctness of Counterclaim Defendant j2's statement of venue in its Complaint, as Counterclaimant alleges that venue is neither convenient nor comports with the interests of justice.

7. Counterclaim Defendant j2 purports to be the owner of U.S. Patent No. 6,597,688 (the '688 Patent) and U.S. Patent No. 7,020,132 (the "'132 Patent"), and has brought suit against Counterclaimant for alleged infringement of the '688 and '132 Patents. Counterclaim Defendant j2 has charged Counterclaimant, *inter alia*, with infringement, willful infringement, contributory infringement, and inducing infringement of the '688 Patent and the '132 Patent. Counterclaimant has denied that it has committed any of the alleged acts of infringement, willful infringement, contributory infringement, or inducing infringement, and Counterclaimant asserts that both the '688 Patent and the '132 Patent are invalid and unenforceable.

8. There is an actual controversy between Counterclaimant and Counterclaim Defendant j2 with respect to the validity of the '688 Patent and the '132 Patent, and with respect to the alleged infringement of the '688 Patent and the '132 Patent by Counterclaimant.

9. Counterclaimant has not infringed, willfully infringed, contributorily infringed, or induced others to infringe, any claim of the '688 Patent or the '132 Patent.

10. The '688 Patent is invalid for failing to comply with the conditions and requirements for patentability specified in the patent laws of the United States, specifically 35 U.S.C. §§ 102, 103, 112, and/or 282.

11. The '132 Patent is invalid for failing to comply with the conditions and requirements for patentability specified in the patent laws of the United States, specifically 35 U.S.C. §§ 102, 103, 112, and/or 282.

12. Counterclaimant has been injured and damaged by Counterclaim Defendant j2's filing of its Complaint in the present case, asserting a patent that is, or patents that are, invalid and/or not infringed.

13. Counterclaimant is entitled to a declaration from this Court finding that the '688 Patent is invalid.

14. Counterclaimant is entitled to a declaration from this Court finding that the '132 Patent is invalid.

15. Counterclaimant is further entitled to a declaration from this Court finding that Counterclaimant has not infringed any valid claim of the '688 Patent, has not actively induced others to infringe any valid claim of the '688 Patent, and has not committed any acts of contributory infringement of any valid claim of the '688 Patent.

16. Counterclaimant is further entitled to a declaration from this Court finding that Counterclaimant has not infringed any valid claim of the '132 Patent, has not actively induced others to infringe any valid claim of the '132 Patent, and has not committed any acts of contributory infringement of any valid claim of the '132 Patent.

## **CLAIMS FOR RELIEF**

WHEREFORE, Counterclaimant EasyLink Services International Corporation requests the following relief:

A. The Court enter judgment in Counterclaimant's favor and against Counterclaim Defendant j2 on the claims for patent infringement alleged in the Complaint;

B. The Court declare that the '688 Patent and the '132 Patent, and each claim thereof, is invalid;

C. The Court declare that Counterclaimant has not infringed any claim of the '688 Patent and the '132 Patent, and declare that Counterclaimant has not actively induced others to infringe, and has not committed any acts of contributory infringement or, any valid claim of the '688 Patent and the '132 Patent;

10

D. The Court find this case to be exceptional and award Counterclaimant its costs, expenses, and attorneys' fees in accordance with 35 U.S.C. § 285; and

E. The Court grant Counterclaimant such other and further relief as may be deemed appropriate and just.

## **DEMAND FOR JURY TRIAL**

Defendant/Counterclaimant demands a jury trial for all triable issues in this case.

Date: August 20, 2008          Respectfully submitted,

/s/ Julie C. Jared
Michael Edwin Jones
mikejones@potterminton.com
Texas Bar No. 10929400
Potter Minton PC
110 N. College
Suite 500
P.O. Box 359
Tyler, Texas 75710-0359
903-597-8311
Fax: 903-593-0846

Julie C. Jared
jjared@wargofrench.com
Wargo & French LLP
1170 Peachtree St. NE
Suite 2020
Atlanta, Georgia 30309
(404) 853-1500
Fax: 404-853-1501

*Counsel for Defendant EasyLink Services International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 20th day of August, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                /s/ Julie C. Jared

599208_1