Andrew Baum (SBN 190397)
Bryan M. Sullivan (SBN 209743)
Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California  90057
(310) 553-3000 (Telephone)
(310) 553-2920 (Facsimile)

Joseph D. Wargo, *Pro Hac Vice*
jwargo@wargofrench.com
David M. Pernini, *Pro Hac Vice*
dpernini@wargofrench.com
Julie C. Jared, *Pro Hac Vice*
jjared@wargofrench.com
WARGO & FRENCH LLP
1170 Peachtree St. NE – Suite 2020
Atlanta, GA 30309

Attorneys for Defendants
EASYLINK SERVICES INTERNATIONAL CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| j2 Global Communications, Inc., | Case No. 09-4189-DDP (AJWx) |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| EasyLink Services International Corporation, | |
| Defendant. | |

698816

Defendant EasyLink Services International Corporation ("EasyLink"), by and through its counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("FAC") as follows, and any averments or allegations not expressly admitted herein are denied:

## I.

## THE PARTIES

1.      EasyLink admits that Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. EasyLink is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the FAC and therefore denies same.

2.      EasyLink admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 6025 The Corners Parkway, Suite 100, Norcross, Georgia 30092. EasyLink further admits that it is a service provider offering a variety of messaging services, including e-mail and fax messaging services, to businesses around the world, including the United States, the State of California and, more particularly, the Central District of California. EasyLink admits that it provides services that allow customers to send and receive faxes from e-mail utilizing the Internet. EasyLink denies the remaining allegations contained in Paragraph 2 of the FAC.

## II.

## JURISDICTION AND VENUE

3.      EasyLink admits the allegations contained in Paragraph 3 of the FAC.

4.      EasyLink admits that it provides services within the State of California and within the Central District of California and that the Court has personal jurisdiction over EasyLink. EasyLink denies the remaining allegations contained in Paragraph 4 of the FAC.

5.      EasyLink admits the allegations contained in Paragraph 5 of the FAC.

## III.

## CAUSES OF ACTION

**A.      Infringement of U.S. Patent No. 6,597,688**

6.      EasyLink incorporates its responses to Paragraphs 1 through 5 of the FAC as if fully set forth herein.

7.      EasyLink admits that a document purporting to be a true and correct copy of the '688 Patent was attached to the FAC as Exhibit A, bears an issue date of July 22, 2003, and that the inventors for the '688 Patent are listed as Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  EasyLink denies the remaining allegations contained in Paragraph 7 of the FAC.

8.      EasyLink admits that Plaintiff provided a copy of the '688 Patent to EasyLink and that EasyLink received a copy of the '688 Patent from Plaintiff. EasyLink is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the FAC and therefore denies same.

9.      EasyLink denies the allegations contained in Paragraph 9 of the FAC.

10.      EasyLink denies the allegations contained in Paragraph 10 of the FAC.

11.      EasyLink denies the allegations contained in Paragraph 11 of the FAC.

12.      EasyLink denies the allegations contained in Paragraph 12 of the FAC.

13.      EasyLink denies the allegations contained in Paragraph 13 of the FAC.

14.      EasyLink denies the allegations contained in Paragraph 14 of the FAC.

**B.      Infringement of U.S. Patent No. 7,020,132**

15.      EasyLink incorporates its responses to Paragraphs 1 through 5 of the FAC as if fully set forth herein.

16.      EasyLink admits that a document purporting to be a true and correct copy of the '132 Patent is attached to the FAC as Exhibit B, bears an issue date of March 28, 2006, and that the inventors for the '132 Patent are listed as Anand Narasimhan,

698816

Yaacov Shemesh and Amit Kumar.  EasyLink denies the remaining allegations contained in Paragraph 16 of the FAC.

17.    EasyLink is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC and therefore denies same.

18.    EasyLink denies the allegations contained in Paragraph 18 of the FAC.

19.    EasyLink denies the allegations contained in Paragraph 19 of the FAC.

20.    EasyLink denies the allegations contained in Paragraph 20 of the FAC.

21.    EasyLink denies the allegations contained in Paragraph 21 of the FAC.

22.    EasyLink denies the allegations contained in Paragraph 22 of the FAC.

**C.    Infringement of U.S. Patent No. 6,208,638**

23.    EasyLink incorporates its responses to Paragraphs 1 through 5 of the FAC as if fully set forth herein.

24.    EasyLink admits that a document purporting to be a true and correct copy of the '638 Patent is attached to the FAC as Exhibit C, bears an issue date of March 27, 2001, and that the inventors for the '638 Patent are listed as Jack Rieley and Jaye Muller.  EasyLink further admits that the '638 Patent underwent reexamination and that a document purporting to be a true and correct copy of the reexamination certificate for the '638 Patent is also attached to the FAC as Exhibit C and bears an issue date of December 9, 2008.  EasyLink denies the remaining allegations contained in Paragraph 24 of the FAC.

25.    EasyLink is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and therefore denies same.

26.    EasyLink denies the allegations contained in Paragraph 26 of the FAC.

27.    EasyLink denies the allegations contained in Paragraph 27 of the FAC.

28.    EasyLink denies the allegations contained in Paragraph 28 of the FAC.

29.    EasyLink denies the allegations contained in Paragraph 29 of the FAC.

698816

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

30.    EasyLink denies the allegations contained in Paragraph 30 of the FAC.

## IV.

## PRAYER FOR RELIEF

31.    EasyLink denies that Plaintiff is entitled to the entry of judgment against EasyLink.

32.    As to the unnumbered "Wherefore" clause (and sub-clauses) following Paragraph 30 of the FAC under Section IV (Prayer for Relief), EasyLink states that this section of the FAC constitutes Prayers for Relief which do not require a response. To the extent this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, EasyLink denies each and every such allegation. EasyLink further denies that Plaintiff is entitled to any of the relief specified in its Prayer for Relief, and EasyLink further requests that this case be dismissed with prejudice.

33.    As to Plaintiff's demand for a jury trial, EasyLink states that this section of the FAC does not require a response.  To the extent this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, EasyLink denies each and every such allegation.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

EasyLink has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 6,597,688 (the "'688 Patent"), and EasyLink is not liable for any act that would be construed as any form of infringement of the '688 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

EasyLink has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 7,020,132 (the "'132 Patent"), and EasyLink is not liable for any act that would be construed as any

698816

4

form of infringement of the '132 Patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

EasyLink has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 6,208,638 (including the patent as amended by the reexamination certified dated December 9, 2008) (collectively, the "'638 Patent"), and EasyLink is not liable for any act that would be construed as any form of infringement of the '638 Patent, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE

The statements, representations and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications that matured into the '688 Patent, '132 Patent and '638 Patent, including any reexamination proceedings associated therewith, estop Plaintiff from asserting that the claims of those patents encompass or are infringed by EasyLink.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, a reasonable opportunity for discovery will establish that any purported damages claimed by Plaintiff should be limited by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief it seeks in the FAC based on the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The '688 Patent, '132 Patent and/or '638 Patent are invalid and/or unenforceable and/or no damages may be received by Plaintiff pursuant to one or more provisions of 35 U.S.C. § 101, *et seq.*, including, but not limited to §§ 102, 103,

112, 286 and/or 287, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damage as a result of any conduct alleged in Plaintiff's FAC.

### NINTH AFFIRMATIVE DEFENSE

EasyLink has not willfully infringed and is not willfully infringing the '688 Patent, '132 Patent and/or '638 Patent, thereby precluding Plaintiff from recovering trebled damages, attorneys' fees and/or costs under 35 U.S.C. §§ 284 or 285.

### TENTH AFFIRMATIVE DEFENSE

The '688 Patent, '132 Patent and/or '638 Patent are unenforceable because Plaintiff has misused those patents by attempting to enforce knowingly invalid patents.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive relief against EasyLink, including but not limited to injunctive relief for EasyLink's Production Messaging and Desktop Messaging services.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's FAC is barred, in whole or in part, by the doctrine of accord and satisfaction, payment and release.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's FAC is barred, in whole or in part, on the basis of a license.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that EasyLink may be found to infringe any valid claim of the '688 Patent, '132 Patent and/or '638 Patent for a method of doing business, EasyLink asserts prior inventorship under 35 U.S.C. § 273.

698816

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel based on, *inter alia*, statements, representations and admissions made during the prosecution and/or reexamination of the '688 Patent, '132 Patent and/or '638 Patent and/or other positions taken in this and other litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claim for damages and prayer for relief are limited, in whole or in part, by the failure to mark, by itself or by one or more parties licensed to practice the '688 Patent, '132 Patent and/or '638 Patent, as required by 35 U.S.C. § 287.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The '688 Patent, '132 Patent and/or the '638 Patent are unenforceable because the inventors failed to disclose all non-cumulative, material prior art of which they were aware to the PTO during the prosecution and/or reexamination of those patents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages and prayer for relief are limited, in whole or in part, by Plaintiff's failure to mitigate its damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and prayer for damages for inducement and/or contributory infringement are barred to the extent that they predate EasyLink's knowledge of the '688 Patent, '132 Patent and/or '638 Patent.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is precluded from enforcing the '688 Patent, '132 Patent and/or '638 Patent due to patent misuse.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims based on the '688 Patent, '132 Patent and/or '638 Patent are barred pursuant to 32 U.S.C. § 102(b) to the extent Plaintiff publicly used or sold the

inventions embodied therein more than one year prior to the date of application for those patents.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under the '688 Patent and '638 Patent are barred, in whole or in part, under the doctrine of intervening rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

EasyLink reserves the right to assert such other defenses as may appear as discovery proceeds in this case.

WHEREFORE, EasyLink asks the Court to enter judgment in its favor and grant the following relief:

1.    Dismissing with prejudice the entirety of the FAC;

2.    Denying all remedies and relief sought in the FAC;

3.    Awarding EasyLink its costs, attorneys' fees and expenses incurred herein; and

4.    Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

EasyLink demands a trial by jury on all issues triable of right by a jury.


DATED: January 13, 2010          By:   /s Bryan M. Sullivan
                                         Bryan M. Sullivan

                                 GLASER, WEIL, FINK, JACOBS,
                                 HOWARD & SHAPIRO

                                 Attorneys for Defendant EASYLINK
                                 SERVICES  INTERNATIONAL
                                 CORPORATION

698816

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT        )
                                    )        ss
CENTRAL DISTRICT OF CALIFORNIA      )

     I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is:  Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP, 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California  90057.

     On January 13, 2010, I served the within document(s) described below as:

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

On the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Robert A. Sacks                     Frank L. Bernstein
Brian R. England                    Kenyon & Kenyon LLP
Edward E. Johnson                   333 West San Carlos Street
Sullivan & Cromwell LLP             Suite 600
1888 Century Park East              San Jose, CA  95110
Suite 2100                          fbernstein@kenyon.com
Los Angeles, CA  90067-1725
sacksr@sullcrom.com
englandb@sullcrom.com
johnsonee@sullcrom.com

**(X)     MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

**( )     PERSONAL**  I caused such envelope to be delivered by hand to the individuals at the address listed above.

**(X)     ELECTRONIC SERVICE**:  I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

**( )     OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**(X)     FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     **EXECUTED** this document on January 13, 2010, at Los Angeles, California.

       /s Bryan M. Sullivan
      Bryan M. Sullivan

698816

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES