1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:  (310) 712-6600
6  Fax:  (310) 712-8800

7  *Attorneys for Plaintiff*
   *j2 Global Communications, Inc.*
8
   Holmes J. Hawkins III (*Pro Hac Vice*)
9  hhawkins@kslaw.com
   Thomas C. Lundin Jr. (*Pro Hac Vice*)
10 tlundin@kslaw.com
   KING & SPALDING LLP
11 1180 Peachtree Street, N.E.
   Atlanta, Georgia  30309-3521
12 Telephone:  (404) 572-4600
   Facsimile:   (404) 572-5134
13
   *Attorneys for Defendant*
14 *EasyLink Services International Corp.*

15 [additional counsel on signature page]

16         **UNITED STATES DISTRICT COURT**

17         **CENTRAL DISTRICT OF CALIFORNIA**

18 J2 GLOBAL                      )  Case No. CV 09-4189 DDP (AJWx)
   COMMUNICATIONS, INC.,          )
19                                )  **JOINT STIPULATION**
                                  )  **CONCERNING PLAINTIFF J2**
20              Plaintiff,        )  **GLOBAL COMMUNICATIONS,**
                                  )  **INC.'S MOTION TO COMPEL**
21         v.                     )  **PRODUCTION OF DOCUMENTS**
                                  )
22 EASYLINK SERVICES              )  **DISCOVERY MATTER**
   INTERNATIONAL CORP.,           )
23                                )  Discovery Cutoff:  April 29, 2011
                Defendant.        )  Pretrial Conference: July 25, 2011
24 _____)  Trial Date: August 9, 2011
                                  )
25                                )  Judge:      Hon. Andrew Wistrich
   AND RELATED CROSS-ACTION       )  Courtroom: 690 (Roybal)
26                                )  Hearing:    February 14, 2011
                                  )  Time:       10:00 a.m.
27 _____)

28

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

A.   Plaintiff j2's Introduction ................................................................. 1

B.   Defendant EasyLink's Introduction ................................................. 4

FIRST SET OF REQUESTS FOR PRODUCTION ............................................. 6

A.   j2's Contentions................................................................................ 7

B.   EasyLink's Contentions ................................................................... 8

i

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*BASF Catalysts LLC v. Aristo, Inc.*
   No. 2:07-cv-222, 20009 WL 187808,
   (N.D. Ind. Jan. 23, 2009) ................................................................. 11

*Finjan, Inc.* v. *Secure Computing Corp.*
   626 F.3d 1197, 2010 U.S. App. LEXIS 23216
   (Fed. Cir. Nov. 4, 2010) ......................................................... 8, 9, 10

*Georgia-Pacific Corp.* v. *United States Plywood Corp.*
   318 F. Supp. 1116 (S.D.N.Y. 1970) ..................................................... 8

*M2 Software, Inc.* v. *M2 Commc'ns, L.L.C.*
   217 F.R.D. 499 (C.D. Cal. 2003) ......................................................... 7

*Orion Power Midwest, L.P.* v. *Am. Coal Sales Co.*
   2008 U.S. Dist. LEXIS 76366 (W.D. Pa. 2008) ................................... 3

*Samsung SDI Co. v. Matsushita Electric Indus. Co.*
   No. CV 05-8493-AG, 2007 WL 4303348
   (C.D. Cal. June 25, 2007) ................................................................. 11

*Walker* v. *Lakewood Condo. Owners Ass'n*
   186 F.R.D. 584 (C.D. Cal. 1999) ......................................................... 7

**FEDERAL STATUTES**

35 U.S.C. § 284 ......................................................................................... 2

**OTHER AUTHORITIES**

Cent. Dist. Civ. L. R. 37-2 ....................................................................... 1

Fed. R. Civ. P. 37 ..................................................................................... 1

-ii-

1    Pursuant to Fed. R. Civ. P. 37 and Cent. Dist. Civ. L. R. 37-2, Plaintiff

2  and Counterclaim-Defendant j2 Global Communications, Inc. ("j2") and

3  Defendant and Counterclaimant EasyLink Services International Corp

4  ("EasyLink") hereby submit this Joint Stipulation concerning j2's Motion to

5  Compel Production of Documents.

6                                   **INTRODUCTION**

7      **A.    Plaintiff j2's Introduction**

8    j2 sued EasyLink for patent infringement, alleging that EasyLink's

9  use, sale, and/or offer for sale of infringing products has caused j2 to suffer

10  monetary damages. (*See* First Amended Complaint, Doc. 93.) These damages can

11  only be ascertained through discovery and expert analysis. In order to pursue its

12  claim for damages, j2 requires, and is entitled to discover, whatever financial

13  records EasyLink possesses that relate to the accused products, including

14  documents related to EasyLink's profits and losses attributable to revenue

15  produced by the accused products. j2 propounded reasonable and timely discovery

16  requests on EasyLink in search of this information. (Declaration of Brook Gotberg

17  "Gotberg Decl." at Ex. A.) EasyLink has refused, without justification, to produce

18  responsive documents. (*Id.* at Ex. B.)

19    Thus far, EasyLink has produced *only one financial document* apart

20  from its public Securities Exchange Commission ("SEC") filings, such as quarterly

21  and annual reports, which contain only very general financial information. The

22  single document produced is not even a business record; it is a spreadsheet

23  prepared for purposes of the litigation, using the publicly available financial

24  information to create a crude breakdown of basic categories, including "Fax

25  Revenue" and "Gross Margin," with no explanation of how those numbers were

26  calculated. (*Id.* at ¶ 9, Ex. C.) This spreadsheet, which constitutes EasyLink's

27  own work product, does not even begin to provide the information to which j2 is

28

1  entitled to evaluate and substantiate its case for damages pursuant to 35 U.S.C.

2  § 284.  The information that is conveyed in the spreadsheet is incomplete,

3  unverifiable, and cannot possibly represent all responsive, non-privileged

4  documents available for production.

5          In response to j2's requests for explanation of EasyLink's limited

6  production, and through a series of meet and confer discussions between the

7  parties, EasyLink has clarified its objections to producing responsive financial

8  documents.  Although EasyLink initially appeared to argue that its production was

9  complete by virtue of being similar in scope to j2's financial production (*see id.* at

10  Exs. D and E), EasyLink now appears to be contending that its production was

11  responsive and complete, subject to EasyLink's written objections.  (*Id.* at Exs. F

12  and G.)

13          Putting aside the boilerplate objections, these objections appear to be

14  limited to the requests being "over-inclusive" in nature.  (*Id.* at Ex. H.)  According

15  to statements made by its counsel, EasyLink refuses to supplement its production

16  on the grounds that its financial records do not include records that specifically

17  break out the financial performance of the accused products; accordingly,

18  documents containing the information sought by j2 would also include information

19  regarding EasyLink's other products or services.  (*Id.* at ¶ 9.)  In the alternative,

20  EasyLink has suggested that financial documents responsive to j2's requests are

21  simply not kept, apart from the publicly available financials which EasyLink has

22  already provided.  (*Id.*)  EasyLink has further maintained that it will not produce

23  documents containing information beyond what is contained in its publicly filed

24  documents.  (*Id.* at Ex. H.)  These appear to be EasyLink's only substantive

25  objections to j2's requests.

26          EasyLink's position is without merit.  j2 is entitled to documents and

27  information related to its damages contentions, such as documents concerning

28                                        -2-

1  EasyLink's revenue attributable to its infringing productions, the gross margin in

2  connection with that revenue, and how the revenue, gross margin and other

3  financial metrics are calculated.  The information provided in EasyLink's public

4  filings is simply not enough to satisfy EasyLink's duty to produce responsive

5  documents; it is too general, too broad, and too vague to enable j2 to fully explore

6  its damages.  Further, EasyLink's suggestion that it has no financial information

7  beyond its filings with the SEC defies logic.  EasyLink is a publicly-traded

8  company, listed on the New York Stock Exchange, with a duty to maintain

9  complete and detailed financials in the ordinary course of its business.  As such,

10  EasyLink must necessarily be in possession of financial documents responsive to

11  j2's requests of a more detailed nature than what EasyLink has thus far produced.

12  Indeed, EasyLink has never directly denied that it is in possession of such

13  documents, but has rather suggested that, because these documents likely include

14  financial information relative to products and services separate from those accused,

15  it will not produce them on the grounds that they are "over-inclusive." (*Id.* at Ex.

16  H.)  This is not a justifiable reason to withhold documents.  *See Orion Power*

17  *Midwest, L.P.* v. *Am. Coal Sales Co.*, 2008 U.S. Dist. LEXIS 76366 at *4-5 (W.D.

18  Pa. 2008) (finding that a party's redaction of non-responsive information from

19  otherwise responsive documents is not supported in the text of the federal rules and

20  "would open a fertile new field for discovery battles").

21        EasyLink's remaining boilerplate objections, in addition to being

22  insufficiently specific, are without basis.  The documents likely to be responsive to

23  j2's requests – financial spreadsheets or computations kept in the ordinary course

24  of business – are not likely to be subject to the attorney-client privilege.  Concerns

25  regarding the likely confidential nature of these documents should be resolved by

26  the Protective Order entered by this Court on April 20, 2010.  (Doc. 124.)

27  EasyLink's reference to and objections on the grounds of the burden imposed by

28

-3-

1 this discovery request are similarly without basis.  The discovery requested is

2 directly relevant to j2's damages, and responsive documents, as discussed above,

3 are undoubtedly kept in the ordinary course of business and therefore accessible

4 through a reasonable search.  Accordingly, j2's Motion to Compel Production

5 should be granted.

6 **B.    Defendant EasyLink's Introduction**

7        EasyLink has communicated to j2, through counsel, that EasyLink does not

8 maintain in the ordinary course of business certain categories of documents sought

9 in the Request at issue in j2's motion.  With respect to those categories of

10 documents, EasyLink cannot produce what does not exist.

11       With respect to other categories of documents, EasyLink has produced

12 documents that fully respond to the Request.  Specifically, EasyLink has produced

13 thousands of pages of reports filed with the U.S. Securities and Exchange

14 Commission, which include audited financial statements, including balance sheets,

15 income statements, cash flow statements and analyses.  j2's only apparent

16 complaint with respect to these financial documents, and presumably its reason for

17 mischaracterizing the detailed information they contain, is that the documents are

18 publicly available.  Contrary to j2's assertion, this does not render them "too

19 general, too broad, and too vague"; instead, these audited financial statements are

20 the best, most reliable information concerning EasyLink's finances, and j2 has not

21 even attempted to identify what information it needs that is not contained in these

22 documents.

23       Moreover, because EasyLink's public financial statements are indeed

24 over-inclusive with respect to the accused products in this action, EasyLink

25 produced a spreadsheet that provided j2 with detailed financial information

26 concerning the particular platform that is accused.  More particularly, j2 has

27 accused only one of EasyLink's product platforms of infringement.  EasyLink's

28

-4-

JOINT STIPULATION CONCERNING PLAINTIFF'S MOTION TO COMPEL

1   invalidity contentions, correspondence, and communications with j2's counsel

2   made clear that EasyLink has other legacy product platforms that *pre-date* the

3   alleged inventions of the asserted patents, but for which EasyLink still earns

4   revenue.  j2 purposefully has not accused those legacy platforms.

5          EasyLink communicated to j2's counsel that EasyLink does not track in the

6   ordinary course of business "unit sales," revenue, costs, or profits on a platform-

7   by-platform basis.  Accordingly, the only documents that EasyLink maintains in

8   the ordinary course of business "lump together" revenue for both accused and

9   non-accused, legacy platforms -- in other words, the exact same information that is

10  contained in the audited financial statements that EasyLink has produced to j2.

11  Thus, j2 is wrong in stating that EasyLink contends that any other financial

12  documents are simply over-inclusive; such documents are both over-inclusive and,

13  more importantly, cumulative of the information already produced to j2.

14         EasyLink also communicated to j2 that the information reported in the

15  spreadsheet that EasyLink produced was generated from EasyLink's electronic

16  billing system specifically in response to j2's request because it is not reported in

17  the ordinary course of business.  Thus, there are no documents containing the

18  underlying data to produce; EasyLink would have to replicate and produce all the

19  electronic data in its entire billing system, which would be useless to j2.  Instead,

20  EasyLink produced summary financial data that provides j2 with precisely the

21  information that it seeks:  revenue, costs, and profits attributable to the accused

22  infringing product platform.

23         During the parties' conferral on this issue, EasyLink's counsel explained, on

24  a line-by-line basis, the information presented on the spreadsheet, including how

25  and from where the information was derived.  In addition, j2 will have the

26  opportunity to take sworn deposition testimony from an EasyLink witness

27  concerning the information on the spreadsheet.

28

1   Thus, j2 has all of the information to which it argues it is entitled:

2   "documents concerning EasyLink's revenue attributable to its infringing

3   productions, the gross margin in connection with that revenue, and how the

4   revenue, gross margin and other financial metrics are calculated." *Supra* at 2-3.

5   Notably, j2 has not even attempted to explain what information it purportedly

6   needs that it allegedly does not have.  The reason for this omission is because there

7   is no such information.

8   **FIRST SET OF REQUESTS FOR PRODUCTION**

9   **Request No. 16:**

10   All documents and things concerning EasyLink's financial

11   information or projections concerning any EasyLink product or service related to

12   email to fax functionality including, but not limited to, RapidFax products,

13   Production Messaging services, and Desktop Messaging services, such as:

14   (a)   actual or projected unit sales of each such product or service or

15   any component thereof;

16   (b)   actual or projected revenue generated from the sales of each

17   such product or service or any component thereof;

18   (c)   financial statements and projections including balance sheets,

19   income statements, cash flow statements, and analysis;

20   (d)   actual or projected costs of each such product or service or any

21   component thereof; and

22   (e)   actual or projected profits of each such product or service or

23   any component thereof.

24   **Response to Request No. 16:**

25   Subject to and without waiving its General Objections, EasyLink

26   objects to this Request to the extent it seeks information protected from discovery

27   under the attorney-client privilege, the work product doctrine, the accountant-client

28

-6-

1  privilege, or any other privilege recognized under the law.  EasyLink will not

2  produce such information.  EasyLink further objects to this Request to the extent it

3  seeks trade secrets or other confidential or proprietary research, development,

4  commercial, or business information.  EasyLink will produce such information, if

5  requested and not otherwise objectionable, only after entry of a suitable protective

6  order.  EasyLink objects to this Request on the grounds that it is overly broad,

7  unduly burdensome, and seeks information that is irrelevant and immaterial to the

8  subject matter of the pending litigation and not reasonably calculated to lead to the

9  discovery of admissible evidence.  This Request is particularly objectionable to the

10  extent it calls for the production of documents that have absolutely no bearing on

11  the patent infringement claims asserted by Plaintiff in this case and the Request is

12  unlimited as to timeframe.  EasyLink objects to this Request on the ground that the

13  burden or expense of the proposed discovery outweighs its likely benefit, taking

14  into account the needs of the case, the amount in controversy, EasyLink's

15  resources, the importance of the issues at stake in the action, and the importance of

16  the proposed discovery in resolving the issue.

17  **j2's Contentions**

18        EasyLink's boilerplate objections are inadequately stated and

19  insufficient to raise any substantial, meaningful, or enforceable objections. *M2*

20  *Software, Inc.* v. *M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003); *see*

21  *also Walker* v. *Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.

22  1999) ("Boilerplate, generalized objections are inadequate and tantamount to not

23  making any objection at all.").  To the extent the Court considers them anyway,

24  they lack merit.  This Request is reasonably calculated to lead to the discovery of

25  admissible evidence, namely, information necessary to accurately calculate

26  damages caused by EasyLink's infringing activity.  Further, the Request is

27  appropriately limited to address potentially infringing products and services at

28

-7-

1  issue in the litigation – those relating to email-to-fax functionality.  Financial

2  documents kept in the ordinary course of business are not subject to attorney-client

3  privilege, nor are they protected work product.  Finally, although a company's

4  internal financial reporting may be considered confidential, the parties in this case

5  have a Protective Order in place that should alleviate concerns associated with that

6  objection.

7          EasyLink's suggestion that this information is not necessary to the

8  resolution of this case, or that the burden of producing the information outweighs

9  its benefit, is also meritless.  It is standard practice in analyzing patent

10  infringement damages to calculate damages using financial data, including data

11  sufficient to determine operating profit or profit margin, often by calculating gross

12  profits and relevant expenses.  *See, e.g., Finjan, Inc.* v. *Secure Computing Corp.*,

13  626 F.3d 1197, 2010 U.S. App. LEXIS 23216 at *27 (Fed. Cir. Nov. 4, 2010).

14  Indeed, several of the evidentiary facts deemed relevant to determining appropriate

15  damages are informed by such data.  *See Georgia-Pacific Corp.* v. *United States*

16  *Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing the profitability

17  of the infringing product, the infringer's use of the invention, and the portion of the

18  profit credited to the invention as relevant evidentiary facts).  And, as previously

19  stated, EasyLink is a publicly traded company with ample resources to participate

20  in discovery.

21          Accordingly, and in light of j2's demonstrated need for the

22  information within the requested documents, the Court should grant j2's Motion to

23  Compel production of documents responsive to this Request.

24  **EasyLink's Contentions**

25          Contrary to its conclusory assertion, j2 has not demonstrated any need for

26  information that is not contained in the documents that EasyLink already has

27  produced.  Indeed, EasyLink has produced precisely the information that j2 claims

28

-8-

1   to be seeking in this motion: "financial data, including data sufficient to determine

2   operating profit or profit margin, often by calculating gross profits and relevant

3   expenses" (citing *Finjan, Inc.* v. *Secure Computing Corp.*, 626 F.3d 1197 (Fed.

4   Cir. Nov. 4, 2010).  EasyLink's audited financial statement within its publicly filed

5   SEC reports provide the requested information, as does the spreadsheet of data that

6   EasyLink produced summarizing the revenue, expenses, and profit margin

7   attributable specifically to the only product platform that j2 has accused of

8   infringing.  Further, the very authority on which j2 relies supports the conclusion

9   that the documents produced by EasyLink provide more than sufficient

10  information for j2 to perform its damages analysis.

11          In *Finjan*, the Federal Circuit affirmed the jury's damages award on the

12  plaintiff's reasonable royalty claim where the plaintiff's expert "admitted that he

13  used [the defendant's] company-wide, instead of product-specific, gross profits to

14  calculate royalty rates." *Finjan*, 626 F.3d at 1209.  In that case, the court approved

15  the expert's analysis showing that the gross profit margin for accused hardware

16  products was similar to the company-wide margin. *Id.* at 1210.  For accused

17  software products, the plaintiff's expert relied on deposition testimony from

18  defendant's employee concerning the profit margin. *Id.*

19          In this case, EasyLink has produced detailed, audited financial statements

20  that show company-wide revenues, costs and expenses, and profit margin, as well

21  as analyses and projections.  The Federal Circuit in *Finjan* found this information

22  to be sufficient to perform a damages analysis. *Id.*  Moreover, EasyLink produced

23  detailed information that shows revenue, costs and expenses, and profits

24  attributable to the specific accused product platform.  This information will allow

25  j2 to perform the same comparison as was performed in *Finjan*. *Id.*  In addition, as

26  noted above, j2 will have the opportunity to obtain sworn testimony from EasyLink

27

28

JOINT STIPULATION CONCERNING PLAINTIFF'S MOTION TO COMPEL

1   concerning its financial performance.  *Id.*  Simply put, j2 has not pointed to any

2   information that it needs to calculate alleged damages that it does not already have.

3       Further, EasyLink's objections to the overbreadth of j2's Request are well-

4   grounded in light of j2's actual infringement contentions.  As discussed above, j2

5   has accused only one of EasyLink's product platforms of infringement, and has not

6   accused EasyLink's other, legacy product platforms that *pre-date* the alleged

7   inventions of the asserted patents.  To the extent that j2's Request seeks financial

8   information for products other than the accused platform, it is "overly broad,

9   unduly burdensome, and seeks information that is irrelevant and immaterial to the

10   subject matter of the pending litigation and not reasonably calculated to lead to the

11   discovery of admissible evidence."  *Supra* at 6-7.

12       Reasonably read as seeking information concerning only the accused

13   product platforms, the Request seeks the following five categories of documents,

14   which are addressed in turn:

15         *1.*    *actual or projected unit sales of each such product or service or*
16                *any component thereof (sub-request (a) of the Request)*

17   As EasyLink explained to j2's counsel, EasyLink does not track "unit sales"

18   of any products or services, regardless of whether accused in this action.

19   Accordingly, there are no responsive documents to produce.

20         *2.*    *financial statements and projections including balance sheets,*
21                *income statements, cash flow statements, and analysis (sub-*
                   *request (c) of the Request)*

22   EasyLink has produced more than two thousand pages of SEC reports that

23   contain audited financial statements and projections including balance sheets,

24   income statements, cash flow statements, and analyses -- precisely the information

25   requested.

26         *3.*    *actual or projected revenue, costs, and profits generated from*
27                *the sales of each such product or service or any component*
                 *thereof (sub-requests (b), (d), and (e) of the Request)*

28

1    As explained above and to j2's counsel before the filing of the motion,
2  EasyLink does not in the ordinary course of business separate out revenue, costs,
3  or profits on a platform-by-platform basis.  Thus, strictly speaking, there are no
4  responsive documents, *i.e.*, documents that provide the requested information for
5  the accused product platform.  Instead, EasyLink's documents reflect information
6  for both accused and non-accused, legacy platforms, which is the same information
7  provided in the audited financial statements already produced.  In an effort to
8  provide the requested information, EasyLink produced a spreadsheet generated
9  from EasyLink's electronic billing system that separates out revenue, allocates
10  costs, and shows profitability for the accused product platform.  *See BASF*
11  *Catalysts LLC v. Aristo, Inc.*, No. 2:07-cv-222, 20009 WL 187808, *7 (N.D. Ind.
12  Jan. 23, 2009) (slip op.) (stating that, where the defendant did not track financial
13  information on a product basis, "summary information sufficient to detail the
14  financial information relating to the [accused infringing product]" is sufficient to
15  provide the defendant the information required to calculate damages); *see also*
16  *Samsung SDI Co. v. Matsushita Electric Indus. Co.*, No. CV 05-8493-AG (SHx),
17  2007 WL 4303348, * (C.D. Cal. June 25, 2007) (affirming magistrate's ruling
18  limiting prodution to summary financial documents).  j2 has not explained how the
19  information produced by EasyLink is insufficient.  *See, e.g., id.* at *2 (stating that,
20  with respect to motion to compel interrogatory answers, the complaining party
21  must indicate how the responses were deficient in order for the court to determine
22  what additional information is being sought (citing *Washington v. Thurgood*
23  *Marshall Academy*, 232 F.R.D. 6, 9 (D.D.C. 2005)).

24
25
26
27
28

SULLIVAN & CROMWELL LLP

1  Dated:  January 20. 2011

2

3                                      //s//Robert A. Sacks

4                                      Robert A. Sacks (SBN 150146)
                                       Brian R. England (SBN 211335)
5                                      Edward E. Johnson (SBN 241065)
                                       SULLIVAN & CROMWELL LLP
6                                      1888 Century Park East
                                       Los Angeles, California  90067-1725
7                                      Tel:  (310) 712-6600
                                       Fax:  (310) 712-8800
8
                                       Frank L. Bernstein (SBN 189504)
9                                      fbernstein@kenyon.com
                                       KENYON & KENYON LLP
10                                     333 West San Carlos Street, Suite 600
                                       San Jose, California  95110
11                                     Tel:  (408) 975-7500
                                       Fax:  (408) 975-7501
12
                                       *Attorneys for Plaintiff*
13                                     *j2 Global Communications, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       -12-

1  Dated: 1/21/2011

2

3  Holmes J. Hawkins III (*Pro Hac Vice*)
   Thomas C. Lundin Jr. (*Pro Hac Vice*)
   KING & SPALDING LLP
4  1180 Peachtree Street, N.E.
   Atlanta, Georgia 30309-3521
5  Telephone: (404) 572-4600
   Facsimile:   (404) 572-5134

6  Steven T. Snyder (*Pro Hac Vice*)
   KING & SPALDING LLP
7  227 West Trade Street, Suite 600
   Charlotte, NC 28202
8  Telephone: (704) 503-2600
   Facsimile:   (704) 503-2622

9

10 Adrian M. Pruetz (Bar No. 118215)
   ampruetz@pruetzlaw.com
   Erica J. Pruetz (Bar No. 227712)
11 ejpruetz@pruetzlaw.com
   Charles C. Koole (Bar No. 259997)
12 cckoole@pruetzlaw.com
   PRUETZ LAW GROUP LLP
13 200 N. Sepulveda Blvd., Suite 1525
   El Segundo, CA 90245
14 Telephone: (310) 765-7650
   Facsimile:   (310) 765-7641

15

16 *Attorneys for Defendant EasyLink Services International Corp.*

17

18

19

20

21

22

23

24

25

26

27

28
                                    -13-