Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
Charles C. Koole (Bar No. 259997)
cckoole@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

Holmes J. Hawkins III (Ga. Bar No. 338681) (*Pro Hac Vice*)
hhawkins@kslaw.com
Thomas C. Lundin Jr. (Ga. Bar No. 461141) (*Pro Hac Vice*)
tlundin@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

Attorneys for Defendant and Counterclaim Plaintiff
EASYLINK SERVICES INTERNATIONAL CORPORATION

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| j2 Global Communications, Inc.,<br><br>       Plaintiff,<br><br>       v.<br><br>EasyLink Services International Corporation,<br><br>       Defendant. | Case No. 09-4189-DDP (AJWx)<br><br>**DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ADDING A NEW PLAINTIFF AND CAUSE OF ACTION** |

# TABLE OF CONTENTS

INTRODUCTION…………………………………………………………………1

STATEMENT OF FACTS…………………………………………………………2

I.  Procedural Facts Relevant To Prejudice To EasyLink…………………….2

II. Facts Relevant To j2's Undue Delay………………………………......…4

ARGUMENT AND CITATION OF AUTHORITES……………………………...5

I.  Legal Standard……………………………………………………………..5

II. The Motion Should Be Denied On Grounds of Undue

    Prejudice And Undue Delay……………………………………………….6

   A.  Permitting A Second Amended Complaint Would Unduly

       Prejudice EasyLink……………………………………………………...6

   B.  Leave To File A Second Amended Complaint Should

       Be Denied On The Basis Of Undue Delay………………………………..9

CONCLUSION……………………………………………………………………11

# TABLE OF AUTHORITIES

## CASES

*AmerisourceBergan Corp. v. Dialysis W., Inc.*,
 465 F.3d 946 (9th Cir. 2006)……………………………..………………….6

*Ascon Props., Inc. v. Mobil Oil Co.*,
 866 F.2d 1149 (9th Cir. 1989)………………………..………………...6

*Ballard Medical Prods. v. Allegiance Healthcare Corp.*,
 268 F.3d 1352 (Fed. Cir. 2001)……………………………………………7

*Catch Curve, Inc. v. Protus IP Solutions, Inc.*,
 No. CV 06-02574 DDP (AJWx), 2007 WL 5688767,
 *1 (C.D. Cal. May 11, 2007)…………………………………………….7

*Chodos v. West Pub'g Co.*,
 292 F.3d 992 (9th Cir. 2002)………………………………………….6

*DCD Programs, Ltd. v. Leighton*,
 833 F.2d 183 (9th Cir. 1987)…………………………………………..….6

*Daiichi Pharmaceutical Co., Ltd. v. Apotex, Inc.*,
 Civ. No. 03-937, 2006 WL 2065049, *1 (D.N.J. July 21, 2006)…………..…7

*Eon-Net LP v. Flagstar Bancorp*,
 249 Fed. Appx. 189 (Fed. Cir. 2007)………………………………….…6

*Fitzgibbon v. Martin County Coal Corp.*, Civil Action
 No. 05-36, 2007 WL 1231509, *7 (E.D. Ky. April 25, 2007)………………..7,9

*Foreman v. Davis*,
 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L. Ed. 2d 222 (1967)……………..….5

*Insight Technology Inc. v. SureFire, LLC*,
 No. Civ. 04-CV-074-JD, Civ. 03-CV-253-JD,
 2006 WL 519672, *1 (D.N.H. Feb. 28, 2006)……………………………..7

*j2 Global Comm'ns, Inc. v. Capteris, Inc.*,
 Case No. CV 09-04150 DDP (AJWx), at 1-2 & n.1.)………….…………..4

*Jackson v. Bank of Hawaii*,
 902 F.2d 1385 (9th Cir. 1990)……………………………………..5,9,10

*Loehr v. Ventura County Cmty. Coll. Dist.*,
 743 F.2d 1310 (9th Cir. 1984)……………………………………………..9

*Pickett v. Schwarzenegger*,
 No. CV 08-03955 DPP (Ex), 2010 WL 140386,
 *5 (C.D. Cal. Jan. 11, 2010)……………………………………………..6,11

*Texaco, Inc. v. Ponsoldt*,
 939 F.2d 794 (9th Cir. 1991)………………………..……………………..9

ii

DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*Sybase, Inc. v. Vertica Systems, Inc.*,
　No. 6:08 CV 24, 2009 WL 4574690, *2
　(E.D. Texas Nov. 30, 2009)……………………………………………….....7,8

*Velazquez v. GMAC Mort. Corp.*,
　No. CV 08-05444 DDP (PLAx), 2009 WL 2959838,
　*2 (C.D. Cal. Sept. 10, 2009)……………..…..……………….6,10,11

*Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.*,
　No. CV 09-01840 DDP (RZx), 2010 WL 3632787,
　*6-7 (C.D. Cal. Sept. 13, 2010)…………………………………………….8

STATUTES

Fed. R. Civ. P. 15(a)(2)…………………………………………………….5

Defendant EasyLink Services International Corp ("EasyLink"), in accordance with Local Rule 7-9, hereby submits its Memorandum opposing the Motion For Leave To File Second Amended Complaint Adding A New Plaintiff And Cause Of Action (the "Motion") filed by plaintiff j2 Global Communications, Inc. ("j2") on February 25, 2011 and noticed for hearing on March 28, 2011.

## INTRODUCTION

The Court should deny the Motion for two reasons, each of which is itself a sufficient ground for denial. First, granting j2 leave to file the proposed second amended complaint would unduly prejudice EasyLink because EasyLink did not participate in the briefing or the portion of the Markman hearing that resulted in the Court's issuance of a claim construction order for U.S. Patent No. 6,530,066 ("the '066 patent"). If j2 were permitted to assert the '066 patent against EasyLink in this action, EasyLink would be denied any opportunity to participate in Markman proceedings with respect to the asserted patent. And EasyLink had no reason to seek to participate when j2 and other parties engaged in Markman briefing and the Court conducted the Markman hearing for the '066 patent, because EasyLink had no notice or expectation that the '066 patent would be asserted against it. Quite the contrary -- j2's assertion of the '066 patent against other parties, but not EasyLink, for the sixteen months that this action was pending before the Markman hearing removed any reason for EasyLink to even evaluate the '066 patent.

Second, j2's proposal satisfies the "undue delay" ground for denying a motion to amend under each of the ways in which the Ninth Circuit has applied that test. j2's proposal to add both a new cause of action against EasyLink and a new plaintiff would unduly delay the litigation because each addition would open up multiple, entirely new areas of discovery in this action, which has been pending for more than two and a half years. In addition, j2 unduly delayed

- 1 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

asserting the '066 patent against the now-accused products. In November 2009, j2 wrote to PGI, from which EasyLink purchased the products, stating that "[b]ased on information available in the public domain (e.g., your company website), it is apparent that the products and services offered by your company are infringing at least one of the following patents . . . the '066 patent[.]" (Declaration of Thomas C. Lundin Jr. ("Lundin Decl."), Exhibit A at 2.) Thus, j2 was aware more than sixteen months ago of the exact same information on which it now relies to assert the '066 patent, leaving unexplained either the failure to assert the patent against PGI or the four-month delay between the date when EasyLink announced its acquisition of PGI's Xpedite subsidiary and j2's filing of the instant motion.

In short, substantial grounds exist to deny j2's request to significantly expand this long-pending litigation by adding both a new patent and a new party. In contrast, there is no reason why j2 cannot bring a separate suit asserting the '066 patent, as it could have at any time in the two and a half years since it first contacted PGI.

## STATEMENT OF FACTS

### I.  Procedural Facts Relevant To Prejudice To EasyLink

On June 26, 2008, j2 filed this action against EasyLink in the U.S. District Court for the Eastern District of Texas alleging infringement of U.S. Patent Nos. 6,597,688 ("the '688 patent") and 7,020,132 ("the '132 patent"). On August 20, 2008, EasyLink timely answered the Complaint and asserted its counterclaims seeking a declaratory judgment of invalidity and non-infringement of the two asserted patents.

On May 29, 2009, the Eastern District of Texas court issued an Order transferring venue in this action to the U.S. District Court for the Central District of California, and on June 25, 2009, this Court issued its Order Re Transfer Pursuant To General Order 08-05 (Dkt. No. 73).

1  On December 11, 2009, j2 filed its First Amended Complaint For Patent
2  Infringement ("First Amended Complaint"), which added a new claim against
3  EasyLink for alleged infringement of another patent, U.S. Patent No. 6,208,638
4  ("the '638 patent"). On January 13, 2010, pursuant to stipulation, EasyLink timely
5  answered the First Amended Complaint and filed its Counterclaim seeking a
6  declaratory judgment of invalidity and non-infringement of each of the three
7  asserted patents.

8  The parties began exchanging discovery and contentions relating to claim
9  construction more than thirteen months ago. On January 29, 2010, EasyLink served
10 Defendant's Proposed Terms And Claim Elements For Construction. On February
11 16, 2010, the parties exchanged proposed constructions of claim terms. Consistent
12 with the fact that the '066 patent was not asserted against EasyLink in this action, j2
13 served proposed claim term definitions for only the '638 patent, the '688 patent, and
14 the '132 patent. (*See* J2 Global Communications, Inc.'s Claim Term Definitions,
15 attached as Exhibit B to Lundin Decl.)

16 On April 14, 2010, the Court issued a Minute Order requiring the parties to
17 meet and confer to reduce the number of dispute claim terms to be construed, up to a
18 maximum of five per patent. (Dkt. No. 121.) On April 19, 2010, the Court issued a
19 Minute Order vacating the Minute Order of April 14, setting a Status Conference for
20 April 23, 2010 concerning Markman briefing and hearing, and requiring the parties
21 to meet and confer before the status conference to "substantially reduce the number
22 of disputed terms presented for construction on each patent." (Dkt. No. 123.)

23 On May 21, 2010, the parties submitted the Joint Claim Construction And
24 Prehearing Statement, setting forth both agreed-to constructions and disputed
25 constructions for certain terms and phrases of certain claims of the asserted patents.
26 (Dkt. No. 126.) Consistent with the fact that the '066 patent was not asserted
27 against EasyLink, EasyLink did not participate in the conferral concerning the
28

agreed-to construction for the claim phrase identified for the '066 patent and did not propose any constructions for the disputed claim terms and phrases for the '066 patent.  (*See id.*)

On May 26, 2010, the parties submitted their Joint Stipulation Regarding Markman Hearing And Briefing, setting forth a proposed briefing schedule, page limits for opening and responding Markman briefs, and a rescheduled date of August 13, 2010 for the Markman hearing.  (Dkt. No. 128.)

On June 11, 2010, in accordance with the Joint Stipulation, the parties exchanged opening claim construction briefs (Dkt. Nos. 131 & 133), and the parties exchanged responsive claim construction briefs on July 2, 2010 (Dkt. Nos. 136 & 138).  Consistent with the fact that the '066 patent was not asserted against EasyLink, neither of EasyLink's briefs addressed the proper construction of any terms in the '066 patent.  (*See* Dkt. Nos. 131, 136.)

On October 15, 2010, the Court heard oral argument and conducted a Markman hearing on only the '066 patent and '638 patent.  (*See* Dkt. No. 140 (rescheduling Markman hearing date to October 15, 2010); March 4, 2011 Claim Construction Order, *j2 Global Comm'ns, Inc. v. Capteris, Inc.*, Case No. CV 09-04150 DDP (AJWx), at 1-2 & n.1.)  Consistent with the fact that the '066 patent was not asserted against EasyLink, EasyLink did not participate in the portion of the Markman hearing that addressed the '066 patent.

On March 4, 2011, this Court issued an Order construing the disputed terms and phrases of the claims of the '066 patent.  (*See* March 4, 2011 Claim Construction Order, *j2 Global Comm'ns, Inc. v. Capteris, Inc.*, Case No. CV 09-04150 DDP (AJWx), at 1-2 & n.1.)

## II.     Facts Relevant To j2's Undue Delay

On November 13, 2009, IP Investments Group wrote Premiere Global Services, Inc. ("PGI") on behalf of j2 alleging that PGI's products infringed the '066

patent, among other patents allegedly owned by j2. (Lundin Decl., Ex. A.) More particularly, the letter by j2's agent stated: "Based on information available in the public domain (e.g., your company website), it is apparent that the products and services offered by your company are infringing at least one of the following patents in the j2 Messaging Portfolio: the '638 patent, the '066 patent, the '688 patent and/or the '132 patent." (*Id.*)

On October 21, 2010, EasyLink announced its acquisition of the PGiSend and PGiNotify advanced messaging businesses from PGI through the purchase of PGI's subsidiary Xpedite Systems, LLC and affiliated companies. (Motion at 2; Declaration of Edward E. Johnson, Ex. A.).

Four months later, on February 25, 2011, j2 filed its Motion seeking leave to file a second amended complaint adding a new plaintiff and asserting infringement of the '066 patent by the products that EasyLink purchased from PGI on the basis of "publicly-available information" -- presumably the same information that formed the basis of its letter to PGI almost a year before the EasyLink acquisition and fifteen months before the filing of the Motion.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading to which the opposing party has responded "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Rule 15 states that the Court should freely give leave "when justice so requires," *id.*, well-established law provides that leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foreman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L. Ed. 2d 222 (1967)). Instead, "the liberality in granting leave to amend is subject to several limitations." *Id.*

- 5 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

More particularly, a court should deny leave to amend where the amendment: (1) would cause the opposing party undue prejudice, (2) is sought in bad faith, (3) is futile, or (4) would produce an undue delay in the litigation. *AmerisourceBergan Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987); *Pickett v. Schwarzenegger*, No. CV 08-03955 DPP (Ex), 2010 WL 140386, *5 (C.D. Cal. Jan. 11, 2010) (Pregerson, J.); *Velazquez v. GMAC Mort. Corp.*, No. CV 08-05444 DDP (PLAx), 2009 WL 2959838, *2 (C.D. Cal. Sept. 10, 2009) (Pregerson, J.).

Further, the district court's discretion to deny leave to amend is "particularly broad" where plaintiff has previously amended the complaint. *Velazquez*, 2009 WL 2959838, at *2 (quoting *Chodos v. West Pub'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)); *Ascon Props.*, 866 F.2d at 1160.

## II. The Motion Should Be Denied On Grounds Of Undue Prejudice And Undue Delay.

j2's attempt to add a new patent and a new plaintiff at this stage of the litigation satisfies both the undue prejudice and undue delay factors in the test for denial of a motion for leave to amend. Particularly in this situation, where j2 already has amended its complaint once, the Court should exercise its particularly broad discretion to deny leave to amend. *Velazquez*, 2009 WL 2959838, at *2.

### A. Permitting A Second Amended Complaint Would Unduly Prejudice EasyLink.

j2's attempt to assert the '066 patent against EasyLink in this case, where EasyLink did not participate in the Markman briefing and hearing for the '066 patent, and the Court already has issued an order construing the claims of the '066 patent, would unduly prejudice EasyLink. *See, e.g., Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 193 (Fed. Cir. 2007) (reversing grant of summary

- 6 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

judgment where district court construed patent claims without affording non-movant an opportunity to be heard); *see also Sybase, Inc. v. Vertica Systems, Inc.*, No. 6:08 CV 24, 2009 WL 4574690, *2 (E.D. Texas Nov. 30, 2009) (denying motion for leave to amend where Markman hearing already occurred).

Although a district court is not required to follow any particular procedure in conducting claim construction, *Ballard Medical Prods. v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001), where a court holds a Markman hearing, it is elementary that each party must be afforded a full and fair opportunity to participate. *See Catch Curve, Inc. v. Protus IP Solutions, Inc.*, No. CV 06-02574 DDP (AJWx), 2007 WL 5688767, *1 (C.D. Cal. May 11, 2007) (Pregerson, J.) (denying defendant's motion for leave to file surreply concerning claim construction because plaintiff did not have the opportunity to review or respond to the surreply before the Markman hearing); *see also Fitzgibbon v. Martin County Coal Corp.*, Civil Action No. 05-36, 2007 WL 1231509, *7 (E.D. Ky. April 25, 2007) (determining that collateral estoppel did not apply where parties "did not have a 'full and fair opportunity' to litigate the construction" of disputed terms and phrases in an earlier action); *Daiichi Pharmaceutical Co., Ltd. v. Apotex, Inc.*, Civ. No. 03-937, 2006 WL 2065049, *1 (D.N.J. July 21, 2006) (granting plaintiff's motion to strike defendant's proposed findings of fact concerning meaning of claim term where defendant submitted definitions after the Markman hearing because taking judicial notice of the definitions would not provide "an opportunity for [the plaintiff] to be heard").

A Markman hearing provides an opportunity for the parties to present argument and for the parties to present and the court to consider extrinsic evidence. *See, e.g., Insight Technology Inc. v. SureFire, LLC*, No. Civ. 04-CV-074-JD, Civ. 03-CV-253-JD, 2006 WL 519672, *1 (D.N.H. Feb. 28, 2006). EasyLink must be afforded a fair opportunity to present arguments and evidence relevant to the proper

construction of the asserted claims.[1]  The Court should reject j2's presumptuous, throwaway assertion, set forth in the final footnote of its Motion, that j2 believes it "unlikely" that EasyLink would present any claim construction positions that other defendants have not already raised.  There is no support whatsoever for j2's conjecture.  Here, EasyLink did not even participate in the parties' conferral that resulted in (a) an agreed-to construction (among j2 and defendants against whom the '066 patent was asserted) for one claim term and (b) reduction in the number of, and selection of, the disputed terms for which the parties sought construction.  (*See* Dkt. Nos. 123, 126, 128.)

In *Sybase,* the court denied the plaintiff's motion to amend its complaint and infringement contentions to add a new patent in part because it found that the defendant would be "significantly prejudiced" where the parties already had concluded their claim construction briefing and the court already held a Markman hearing. *Sybase*, 2009 WL 4574690, at *5-6.  The court appropriately found that "[a]llowing Sybase to amend its infringement contentions at this late stage of litigation would require additional claim construction briefing and a supplemental Markman hearing." *Id.*  Although the court in Sybase addressed the issue in the context of Rule 16, because the scheduling order in that case contained deadlines for amendments to pleadings and contentions, the same reasoning applies to the instant situation, where allowing late amendment to add a new patent would constitute undue prejudice  to EasyLink under Rule 15. *See Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.*, No. CV 09-01840 DDP (RZx), 2010 WL 3632787, *6-7 (C.D. Cal. Sept. 13, 2010) (Pregerson, J.) (denying motion to amend under Rule 16, but noting

---

[1] At this stage, EasyLink does not even know what claims of the '066 patent j2 intends to assert.

that moving party must still demonstrate that the proposed amendment is permissible under Rule 15, and addressing Rule 15 factors).

In this case, not only has the Markman briefing and hearing already been completed, but the Court already has issued a claim construction order with respect to the disputed terms of the '066 patent. In light of these facts, EasyLink would be unduly prejudiced were the Court to permit j2 to file the Second Amended Complaint, effectively imposing on EasyLink constructions for claim terms that EasyLink had no opportunity to address in any respect.

### B. Leave To File A Second Amended Complaint Should Be Denied On The Basis Of Undue Delay.

The Ninth Circuit has applied the "undue delay" factor in two respects when considering motions for leave to amend under Rule 15. The Ninth Circuit has considered "undue delay" to refer to whether "permitting an amendment would . . . produce an undue delay in the litigation," *i.e.*, delay the "operative trial schedule." *Jackson*, 902 F.2d at 1387; *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (upholding district court's denial of motion to amend where claims sought to be added "would have substantially complicated and delayed the case" for, among other things, new discovery and responsive pleadings). The Ninth Circuit also has held that the "undue delay" factor refers to whether the party filing the motion for leave to amend "unduly delayed in filing [its] motion." *Jackson*, 902 F.2d at 1388; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991). Both aspects of the Ninth Circuit's undue delay analysis are present in this instance.

First, because EasyLink did not have the opportunity to participate in Markman proceedings relating to the '066 patent, the Court's recently issued Claim Construction Order would not apply to EasyLink. *See, e.g., Fitzgibbon*, 2007 WL

- 9 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1231509, *7 (determining that collateral estoppel did not apply where parties "did not have a 'full and fair opportunity' to litigate the construction" of disputed terms and phrases in an earlier action). Thus, allowing j2 to add the '066 patent at this stage would require re-opening of Markman briefing and the scheduling of a new Markman hearing, where the original Markman hearing already had been scheduled and re-scheduled four times. The necessity of conducting a new Markman hearing with respect to the '066 patent, where the Court still must hold a Markman hearing for the '688 patent and '132 patent, would produce an undue delay in the litigation. *See Jackson*, 902 F.2d at 1387.

In addition, the discovery period has been open for more than eighteen months. But EasyLink has not had any opportunity -- or any reason -- to conduct discovery concerning the '066 patent. Even putting aside the necessary claim construction discovery, allowing j2 to add both the '066 patent and a new plaintiff at this stage of the litigation would require modifying the pretrial schedule to provide for service of new initial disclosures and new infringement, non-infringement, and invalidity contentions; and sufficient time for conducting fact discovery concerning the newly asserted patent and new plaintiff. Indeed, the Court essentially would have to re-start from the beginning the discovery schedule for this action. *See Velazquez*, 2009 WL 2959838, at *4 (denying motion for leave to amend, finding both undue prejudice and undue delay where amendment sought to add new plaintiffs, requiring discovery to essentially "start anew").

Second, j2 has not stated a valid reason for delaying more than four months before bringing its motion for leave to amend. *See Pickett*, 2010 WL 140386, *15. j2 implies that it was "investigating" the accused products, formerly owned by PGI. (Motion at 4.) But the facts show that j2 has been aware of the PGI products since some time before November 13, 2009, when its agent contacted PGI alleging that its products infringed the '066 patent. (Lundin Decl., Ex. A.) In *Pickett*, this Court

- 10 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1  denied a motion for leave to amend under similar circumstances, where the plaintiff
2  delayed four months before filing its motion to amend and all of the information on
3  which the plaintiff relied in its proposed amended complaint "was available to
4  Plaintiff months ago." *Id.* at *15; see also *Velazquez*, 2009 WL 2959838, at *7
5  (denying leave to amend where the facts that prompted the filing of the motion were
6  readily available to the plaintiff prior to filing the original complaint).

7  Here, j2 presumably is relying on the same "public information"[2] both as the
8  basis for the proposed Second Amended Complaint and in the November 13, 2009
9  letter alleging that PGI's products infringe the '066 patent. Thus, not only was j2
10 aware of that information for four months after the announcement of EasyLink's
11 acquisition of the accused products, but in light of j2's failure to enforce the '066
12 patent against PGI after the November 13, 2009 letter, EasyLink had no reason
13 during that four-month delay to expect that the '066 patent would be asserted
14 against EasyLink after the acquisition of the former PGI products.

15 **CONCLUSION**

16 For the foregoing reasons, the Court should deny j2's Motion For Leave To
17 File Second Amended Complaint Adding A New Plaintiff And Cause Of Action.

---

[2] The Motion does not identify on what "public information" j2 purportedly is relying to justify its allegations of infringement in the Second Amended Complaint.

- 11 -
DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT

Respectfully submitted, this 7th day of March, 2011.

/s/ Erica J. Pruetz

Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
Charles C. Koole (Bar No. 259997)
cckoole@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

Holmes J. Hawkins III (Ga. Bar No. 338681)
(*Pro Hac Vice*)
hhawkins@kslaw.com
Thomas C. Lundin Jr. (Ga. Bar No. 461141)
(*Pro Hac Vice*)
tlundin@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5134

Steven T. Snyder (N. Car. Bar No. 40421) (*Pro Hac Vice*)
ssnyder@kslaw.com
KING & SPALDING LLP
227 West Trade Street, Suite 600
Charlotte, NC 28202
Telephone: (704) 503-2600
Facsimile: (704) 503-2622

Attorneys for Defendant and Counterclaim Plaintiff EASYLINK SERVICES INTERNATIONAL CORPORATION

DEFENDANT'S MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT