O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | ) ) | Case No. CV 09-04189 DDP (AJWx) |
| Plaintiff, | ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ADDING A NEW PLAINTIFF AND CAUSE OF ACTION** |
| v. | ) ) | |
| EASYLINK SERVICES INTERNATIONAL CORPORATION, | ) ) ) | [Motion filed on February 25, 2011] |
| Defendant. | ) ) ) | |

This matter comes before the court on Plaintiff j2 Global Communications, Inc.'s ("j2") Motion for Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a). EasyLink Services International Corp. ("EasyLink") opposes j2's motion. After reviewing the materials submitted by the parties and considering the arguments therein, the court DENIES the motion.

**I. Background**

On June 26, 2008, j2 filed this action against Easylink in the U.S. District Court for the Eastern District of Texas alleging infringement of U.S. Patent Nos. 6,597,688 ("the '688 Patent") and 7,020,132 ("the '132 Patent"). In May 2009, the matter was

transferred to this court.  In December 2009, j2 filed a First Amended Complaint ("FAC"), which added a new claim against EasyLink for alleged infringement of U.S. Patent No. 6,208,638 ("the '638 patent").  At no point was U.S. Patent No. 6,208,066 ("the '066 Patent") asserted against EasyLink; however, the patent was asserted against three other defendants in related matters.

On May 21, 2010, EasyLink and the related parties submitted a Joint Claim Construction and Prehearing Statement, setting forth agreed-to constructions and disputed constructions for terms related to the '638 Patent, the '132 Patent, the '688 Patent, and the '066 Patent.  The three defendants in the related litigation made arguments regarding claim construction related to the '066 Patent.  Because the patent was not asserted against EasyLink, EasyLink did not participate in the conferral process concerning the agreed-to construction for the claim phrases identified in the '066 Patent and did not participate in any related briefing or argument. (See Dkt. No. 126.)

On October 15, 2010, this court heard oral argument and conducted a Markman hearing on the '066 Patent and the '638 Patent. (See Dkt. No. 140.)  EasyLink did not participate in the portion of the Markman hearing that addressed the '066 Patent.

On March 7, 2011, this court issued an Order construing the disputed terms and phrases of the claims of the '066 Patent.  (See March 7, 2011 Order, Dkt. No. 168.)

**II. Legal Standard**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure a party may amend a pleading to which the opposing party has responded "with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2).  Although leave to amend should be given freely "when justice so requires," it is well-established that leave to amend "is not granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation omitted).  In deciding whether to grant leave to amend, a court considers whether amendment (1) would cause the opposing party undue prejudice, (2) is sought in bad faith, (3) is futile, or (4) would produce an undue delay in the litigation.  See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

**III.  Discussion**

j2's proposed Second Amended Complaint ("SAC") contains two changes from the existing FAC.  First, j2 alleges that the PGiSend and PGiNotify advanced messaging businesses (together the "PGi Products") implement technology that infringes on the '066 Patent.  Second, the SAC adds Advanced Messaging Technologies, Inc. ("AMT") as a plaintiff.  AMT is a wholly-owned subsidiary of j2.  (Pl.'s Motion 1:6-17.)

EasyLink argues that j2's attempt to assert a new patent against it and to add a new plaintiff at this stage would cause undue delay and undue prejudice.  Having considered the circumstances surrounding amendment, j2's delay in seeking amendment, and the lengthy history of this case, the court agrees.

j2 attempts to assert the '066 Patent against EasyLink at this time.  However, this court has already conducted a lengthy Markman hearing with extensive briefing proceeding that hearing and has issued an order construing the claims of the '066 Patent.  EasyLink did not participate in any of the prior adjudication regarding the

'066 Patent.  While this court is not bound by a particular procedure in conducting claim construction, where the court has held a Markman hearing, each party must be afforded a full and fair opportunity to participate.  See Ballard Medical Prods. v. Allegiance Healthcare Corp., 268 F.3d 1352, 1358 (Fed. Cir. 2001) (explaining that "Markman does not require a district court to follow any particular procedure in conducting a claim construction"); see also, e.g., Catch Curve, Inc. v. Protus IP Solutions, Inc., 2007 WL 5688767, *1 n. 2 (C.D. Cal. May 11, 2007) (denying motion for leave to file surreply where plaintiff did not have the opportunity to review or respond to the surreply before the Markman hearing).  Here, j2 asserts in a footnote that it believes it "unlikely" that EasyLink would present any claim construction positions other than those that the other defendants previously raised.  j2 offers no support for such a conclusion.  There is no evidence that EasyLink is similarly situated, shares the same interests, or is protecting the same or an analogous product as defendants, for example.

   EasyLink did not participate in the 2010 parties' conferral that resulted in an agreed-to construction and reduction in number of disputed terms for the '066 Patent.  Thus, allowing j2 to amend its infringement claims against EasyLink to include the '066 Patent would require, at the very least, additional claim construction briefing, the court to reconsider its March 7, 2011 claim construction Order, and a supplemental Markman hearing.  The necessity of conducting a new Markman hearing, when the original Markman hearing has already been re-scheduled four times would produce undue delay in the litigation.  Such delay would prejudice

4

not only EasyLink but also the other defendants in the three related matters, who have previously briefed and argued terms related to the '066 Patent.

In sum, to permit amendment now would produce an undue delay in the litigation and delay the operative trial schedule. See Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1320 (9th Cir. 1984) (upholding a denial of a motion to amend where the claims sought to be added "would have substantially complicated and delayed the case").

Second, the court finds that j2 has delayed in bringing its motion to amend, which also weighs in favor of denial of j2's motion. j2 was on notice of the PGi Products since at least November 2009. (See Lundin Decl., Ex. A.) In evaluating undue delay, this court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1388. Here, the facts that prompted j2 to file its motion for leave to amend were readily available to j2 for at least four months before Plaintiff filed its motion.

**IV. Conclusion**

For the reasons stated above, the court DENIES j2's Motion for Leave to File Second Amended Complaint.

IT IS SO ORDERED.

Dated: April 21, 2011

DEAN D. PREGERSON
United States District Judge