O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>EASYLINK SERVICES INTERNATIONAL CORPORATION,<br><br>          Defendant.<br>_____ | Case No. CV 09-04189 DDP (AJWx)<br><br>Order Denying Defendant's <u>Ex Parte</u> Application for Supplemental Briefing of Additional Issues in Conjunction with Resolution of Motion to Disqualify<br><br>[Motion filed on Dec. 5, 2012] |

     Defendants Open Text Corporation, Captaris, Inc., and EasyLink Services Corporation (collectively "Defendants") have submitted an <u>Ex Parte</u> Application for Telephonic Conference and Supplemental Briefing of Additional Issues in Conjunction with Resolution of Motion to Disqualify in three cases pending before this court.  On December 11, 2012, the Court granted the telephonic conference, which was held the next day.  After the conference call, the parties submitted follow-up emails to the Court.  The Court denies the applications for supplemental briefing.

     The Court finds that the disqualification issue has been thoroughly briefed and argued.  The Court declines, specifically,

the request to file declarations by Mr. Davies, and Mr. Findley. Absent a meaningful waiver of the attorney-client privilege and subjecting these two declarants to cross-examination, which was not offered, their statements cannot be tested.[1] As to Mr. Findley, adequate cross-examination would appear to require focus on his j2 billings.  j2, as seems obvious, would decline any waiver of its confidential communications concerning the subject matter of Mr. Findley's work.  It warrants repeating that declarations concerning whether confidential information was communicated are not particularly useful, absent the type of searching inquiry that would inherently disclose further client confidences.

Finally, the Court's disqualification order, which will be forthcoming shortly, seeks to provide a practical mechanism for the transition to new counsel.

IT IS SO ORDERED.

Dated: December 19, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] Defendants also argue they should be permitted to submit a declaration without waiving any attorney client privilege, because j2 submitted in camera evidence containing Mr. Findley's billing records and emails related to his prior representation of j2. However, in a motion to disqualify, this court is required to determine whether there is a substantial relationship between a tainted attorney's prior representation, and his current one. City & County of San Francisco v. Cobra Solutions, Inc., 38 Cal. 4th 839, 847-48 (2006).  This court reviewed j2's in camera records to determine whether a substantial relationship existed.  The primary purpose of Mr. Findley's declaration would be to attest that he did not reveal any of j2's confidential information to Defendants. However, case law does not require this court to adjudge whether such a revelation occurred. Flatt v. Superior Court, 9 Cal. 4th 275, 283 (1994).  Additionally, in a situation where, like here, an attorney for one party was previously an attorney for the other, submitting a declaration from that attorney may compound the damage already done to the parties' confidences.

2