Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.: (650) 384-4700
Fax: (650) 384-4701

*Attorneys for Plaintiff j2 Global, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

j2 GLOBAL COMMUNICATIONS, INC.

Plaintiff,

v.

EASYLINK SERVICES INTERNATIONAL CORPORATION,

Defendant.

Case No. CV 09-4189 DDP (AJWx)

**PLAINTIFF j2 GLOBAL, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF DECEMBER 19, 2012 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §§ 1292(b) AND (c)(1) AND FOR STAY OF PROCEEDINGS PENDING APPELLATE REVIEW**

Judge: Hon. Dean D. Pregerson
Courtroom: 3
Date: February 11, 2012
Time: 10:00 a.m.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 3

I. CERTIFICATION FOR INTERLOCUTORY APPEAL IS NOT WARRANTED ..... 3

- A. Under Controlling Ninth Circuit Law, Orders on Motions to Disqualify Are Not Reviewable Under Section 1292(b). ..... 3
- B. None of the Requirements of Section 1292(b) is Met. ..... 5
  - 1. Controlling Question of Law ..... 5
  - 2. Substantial Ground for Difference of Opinion ..... 7
  - 3. Advancement of the Termination of this Case ..... 10

II. THIS CASE SHOULD NOT BE STAYED. ..... 11

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Atasi Corp.* v. *Seagate Tech.*
847 F.2d 826 (Fed. Cir. 1988) .......... 13

*In re Cement Antitrust Litigation*
673 F.2d 1020 (9th Cir. 1982) .......... 3, 5, 6

*Chehalem Physical Therapy, Inc.* v. *Coventry Health Care, Inc.*
2010 WL 952273 (D. Or. Mar. 10, 2010) .......... 9

*Cheney* v. *U.S. Dist. Court for the Dist. of Columbia*
542 U.S. 367 (2004) .......... 13

*Cole* v. *U.S. Dist. Ct. for the Dist. of Idaho*
366 F.3d 813 (9th Cir. 2004) .......... 4, 5

*Combined Systems, Inc.* v. *Defense Technology Corp. of America*
2002 WL 31957436 (S.D.N.Y. Jan. 23, 2003) .......... 3

*Couch* v. *Telescope Inc.*
611 F.3d 629 (9th Cir. 2010) .......... 9

*In re County of Los Angeles*
223 F.3d 990 (9th Cir. 2000) .......... 8

*Deutsche Bank Nat'l Trust Co.* v. *F.D.I.C.*
854 F. Supp. 2d 758 (C.D. Cal. 2011) .......... 6

*In re Flor*
79 F.3d 281 (2d Cir. 1996) .......... 9

*Indio* v. *Wyeth, Inc.*
2011 WL 1566689 (E.D. Cal. Apr. 25, 2011) .......... 11

*Kennecott Corp.* v. *U.S. Dist. Ct. for the Southern Dist. of Cal.*
873 F.2d 1292 (9th Cir. 1989) .......... 4

*Kuehner* v. *Dickinson & Co.*
84 F.3d 316 (9th Cir. 1996) .......... 6

*LaserDynamics, Inc.* v. *Quanta Computer, Inc.*
694 F.3d 51 (Fed. Cir. 2012) .......... 3

*Maness* v. *Bayer Corp.*
2010 WL 2011535 (S.D. Cal. May 19, 2010) .......... 11

*Mattel, Inc.* v. *MGA Entertainment, Inc.*
408 Fed. Appx. 45 (9th Cir. Jan. 6, 2011) .......... 4

*Presidio Components, Inc.* v. *American Technical Ceramics Corp.*
__ F.3d __, 2012 WL 6602786 (Fed. Cir. Dec. 19, 2012) .......... 12

*Richardson-Merrell, Inc.* v. *Koller*
472 U.S. 424 (1985) ....................................................................4, 5

*S.E.C.* v. *Sells*
2012 WL 4897385 (N.D. Cal. Oct. 15, 2012)..............................................10

*Shurance* v. *Planning Control Int'l, Inc.*
839 F.2d 1347 (9th Cir. 1988) ....................................................................4, 11

*Unified Sewerage Agency* v. *Jelco Inc.*
646 F.2d 1339 (9th Cir. 1981)........................................................................4

**CALIFORNIA CASES**

*Frazier* v. *Super. Ct.*
97 Cal. App. 4th 23 (2002).......................................................................9, 10

*Kirk* v. *First American Title Insurance Co.*
183 Cal. App. 4th 776 (2010). (Memo. at 10.)...............................................8

*Pound* v. *DeMera DeMera Cameron*
135 Cal. App. 4th 70 (2005)..................................................................7, 8, 9

**FEDERAL STATUTES**

28 U.S.C. § 1291...............................................................................................4

28 U.S.C. § 1292(b).....................................................................................passim

Plaintiff j2 Global, Inc. ("j2") respectfully submits this Opposition to Open Text Corporation and its wholly-owned subsidiary, Defendant EasyLink Services International Corporation's (together, "Open Text") Motion for Certification of December 19, 2012 Order for Interlocutory Appeal Pursuant to 28 U.S.C. §§ 1292(b) and (c)(1) and for Stay of the Proceedings Pending Appellate Review.

## INTRODUCTION

Section 1292(b) is a limited exception to the rule against piecemeal appeals. In exceptional circumstances, it permits a District Court to certify an interlocutory decision for immediate appeal when that appeal will materially advance the case, such as by providing for early review of a potentially case-dispositive ruling. Open Text, however, seeks to invoke Section 1292(b) for the opposite purpose. Certification of the Court's December 19, 2012 Order disqualifying Perkins Coie (the "Disqualification Order") for review would not resolve or clarify any issue in the case, or in any respect move the case towards resolution. It would simply delay it, further adding to the prejudice that j2 has already suffered as a result of Open Text's retention of j2's former lawyer in this more than four-year-old case. Together with the open-ended stay that Open Text requests, certification would result in this litigation shutting down entirely, likely for a year or more. When it finally re-starts, the litigation will be in exactly the same place it is now, with all the same legal and factual issues to be determined, because the issue Open Text seeks to appeal is immaterial to the merits of the case. Under well-settled law, interlocutory review under Section 1292(b) is not appropriate when, as here, the result will be a significant delay that does nothing to advance resolution of the case.

Moreover, there is no substantial question that the Court's decision to disqualify Perkins Coie was correct, based upon a complete record, including two briefs submitted by Open Text and multiple hearings. Open Text claims that

review by the Federal Circuit is warranted to determine whether the Court was correct to follow California Court of Appeal precedent instead of Federal District Court precedent, but it is indisputable that disqualification is governed by California law as the rules of this Court mandate. Whether to disqualify counsel, and the precise contours of the relief, are matters that rest in the sound discretion of the District Court. If Open Text believes the Court abused its discretion, it is free to seek a Writ of Mandamus, but there is no basis for certification under Section 1292(b). There is no doubt that the Court applied the correct legal standard and came to a reasonable, and correct, decision.

Much of Open Text's Memorandum focuses not on the requirements of Section 1292(b), which plainly are not met, but on the harm that Open Text supposedly will suffer if it must change counsel. Open Text made the same argument to the Court in seeking to avoid disqualification in the first place. But any such harm is irrelevant to whether the Disqualification Order should be certified for interlocutory appeal. Moreover, Open Text overstates the claimed harm, particularly given that the well-respected successor counsel that has already appeared in this action on Open Text's behalf has experience representing Facebook in other litigation involving patents in the very same family as some of those in this case. Seeking review under Section 1292(b) is a delaying tactic that would unfairly prejudice j2, the victim in this episode.

The injured party here is not Open Text but j2, whose former attorney, Clyde Findley, advised Open Text regarding this litigation in direct violation of his ethical duties to j2. Although the Court's disqualification of Perkins Coie and screening of the in-house lawyers who worked with Findley will prevent further disclosure of j2's confidential information, the harm to j2 should not be compounded by a further lengthy delay in this litigation, which has already been pending for well over four years. Certification should be denied.

## ARGUMENT

### I. CERTIFICATION FOR INTERLOCUTORY APPEAL IS NOT WARRANTED

An interlocutory order may be certified for immediate appeal only if the Court determines that it "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

#### A. UNDER CONTROLLING NINTH CIRCUIT LAW, ORDERS ON MOTIONS TO DISQUALIFY ARE NOT REVIEWABLE UNDER SECTION 1292(B).

Although appeals from patent cases, including interlocutory appeals, are to the Federal Circuit, "issues not unique to patent law" are governed by the law of the regional circuit where the appeal would otherwise lie. *LaserDynamics, Inc.* v. *Quanta Computer, Inc.*, 694 F.3d 51, 66 (Fed. Cir. 2012). Whether a disqualification order may be certified under Section 1292(b) is a procedural question not unique to patent law, and therefore Ninth Circuit law governs this Court's analysis.[1] *See Combined Systems, Inc.* v. *Defense Technology Corp. of America*, 2002 WL 31957436, at *1-2 (S.D.N.Y. Jan. 23, 2003) (following Second Circuit law in refusing to dismiss counterclaim in a patent case to permit an appeal, even though the Federal Circuit would be willing to hear the appeal).

[1] Open Text notes that the Federal Circuit looks to its own law in determining whether to *accept* an interlocutory appeal, because reviewability is jurisdictional. (Memo. at 5.) But the Federal Circuit's determination of its own jurisdiction is distinct from this Court's determination of whether to certify its order. The only case cited by Open Text addressing the standard to be applied by the District Court notes that it "also take[s] guidance from" the Federal Circuit, but principally applies the law of the regional circuit, not of the Federal Circuit. (Memo. at 6, citing *Univ. of Va. Patent Foundation* v. *General Electric Co.*, 792 F. Supp. 2d 904, 909-10 & n.1. (W.D. Va. 2011).)

The Ninth Circuit repeatedly has made clear that orders on disqualification motions are not properly subject to certification under Section 1292(b). *See Mattel, Inc.* v. *MGA Entertainment, Inc.*, 408 Fed. Appx. 45, 46 (9th Cir. Jan. 6, 2011) (holding there is no jurisdiction under 1292(b) to consider appeal of order disqualifying counsel); *Cole* v. *U.S. Dist. Ct. for the Dist. of Idaho*, 366 F.3d 813, 817 n.4 (9th Cir. 2004) ("Courts have held that attorney disqualification motions (and orders) are collateral to the ultimate resolution of the litigation, and are thus not generally proper for certification."); *Shurance* v. *Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (denial of motion to disqualify does not meet requirements of Section 1292(b)); *Unified Sewerage Agency* v. *Jelco Inc.*, 646 F.2d 1339, 1344 (9th Cir. 1981) ("this court has held that certification under 28 U.S.C. § 1292(b) is not available" for denial of a motion to disqualify). *Cf. Kennecott Corp.* v. *U.S. Dist. Ct. for the Southern Dist. of Cal.*, 873 F.2d 1292, 1292-93 (9th Cir. 1989) (noting that denial of a motion to disqualify counsel is not appealable under 1292(b) in the Ninth Circuit but transferring the appeal to the Federal Circuit).

Open Text ignores this authority, but suggests that the Supreme Court held in *Richardson-Merrell, Inc.* v. *Koller*, 472 U.S. 424, 435 (1985), that interlocutory appeal of disqualification orders pursuant to Section 1292(b) is proper. (Memo. at 6, 7.) It did not. *Richardson-Merrell* addressed whether orders disqualifying counsel are immediately appealable under 28 U.S.C. § 1291. The Court noted in *dicta* that other relief *may* be available, including certification under Section 1292 or a writ of mandamus, but the question of whether Section 1292(b) certification of disqualification orders is proper, or under what circumstances, was not before the Court and was not decided. *See* 472 U.S. at 435. Moreover, the *Richardson-Merrell* Court makes clear that immediate review of an order disqualifying counsel has "the practical effect" of "delay[ing] proceedings on the merits until the appeal is decided." *Id*. at 434. Such delay is necessarily contrary

to Section 1292(b) certification, which is appropriate only to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also *Cole*, 366 F.3d at 817 n.4 (after *Richardson-Merrell*, reiterating the Ninth Circuit rule against certification of disqualification rulings). Therefore there is no basis for this Court to certify its December 19 Order.

### B. NONE OF THE REQUIREMENTS OF SECTION 1292(B) IS MET.

Even passing the dispositive Ninth Circuit authority requiring denial of Open Text's motion, certification under Section 1292(b) is not warranted because none of the statutory requirements is met: there is no controlling question of law at stake, there is no substantial ground for difference of opinion, and an immediate appeal would significantly hinder, not advance, the ultimate termination of this litigation.

#### *1. CONTROLLING QUESTION OF LAW*

Open Text asserts that the Court's rulings disqualifying Perkins Coie and screening in-house counsel who worked with Findley from successor counsel each present a "controlling question of law." (Memo. at 7, 11.) Open Text correctly observes that a question does not need to resolve the merits of the case to qualify as controlling. (*Id*. at 7); *In re Cement Antitrust Litigation*, 673 F.2d at 1026. But, the question must at least have the potential to "materially affect the outcome of litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. In general, a question materially affects the outcome if it impacts the *merits* of the case—an issue that is "separable from and collateral to the merits of [the] lawsuit" is not a controlling issue for purposes of Section 1292(b).[2] *In re Cement Antitrust Litigation*, 673 F.2d at 1027 (the question of whether the District Judge properly

---

[2] The *In re Cement* Court allowed for the possibility that a collateral issue might be subject to Section 1292(b) appeal in "exceptional circumstances." *In re Cement Antitrust Litigation*, 673 F.2d at 1027 n.5. Open Text identifies no "exceptional circumstances" that would set this case apart from any other in which counsel is disqualified.

recused himself was "collateral to the basic issues of [the] lawsuit" and therefore not reviewable under Section 1292(b)). The question of whether to disqualify counsel is, like recusal of the trial judge, collateral to the merits of the case. There is no possibility that review will alter or clarify the issues to be tried, and therefore there is no "controlling" question amenable to immediate review.

Open Text argues that the Disqualification Order nevertheless presents a "controlling" question because it negatively impacts Open Text. (Memo. at 8, 11-13). That is incorrect.

First, if Open Text were correct that any ruling that is detrimental to a party in some way is "controlling," then almost any ruling would qualify, and the "controlling question" requirement would effectively be read out of Section 1292(b). *See In re Cement Antitrust Litigation*, 673 F.2d at 1027-28.

Second, the cases on which Open Text relies do not hold that any decision which is detrimental to a party is "controlling." (Memo. at 7.) Rather, the questions certified in those cases either have the potential to dispose of or revive claims or defenses, *see, e.g.*, *Deutsche Bank Nat'l Trust Co.* v. *F.D.I.C.*, 854 F. Supp. 2d 758, 768-69 (C.D. Cal. 2011), or to determine which forum has the "power to decide the matter." *Kuehner* v. *Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). In those circumstances, interlocutory appeal offers the potential to narrow the case or avoid duplicative litigation. A collateral issue like disqualification of counsel offers no such potential benefits—regardless of any decision on appeal, exactly the same substantive claims and issues will be litigated.

Third, even assuming that potential injury to a party could be sufficient in some circumstances to make a question "controlling," no such circumstances are present here. Of course, any party whose counsel is disqualified is harmed in the sense that its choice of counsel is disturbed and its new counsel must become familiar with the case. But Open Text's claims that the Court's Order will have "devastating effects" and "irreparably cripple[]" Open Text's

defense are hyperbole. (Memo. at 2.) Open Text has not been left without counsel capable of mounting a defense—on the contrary, it has hired Cooley LLP, a prominent national law firm well known for its patent expertise, led by Thomas Friel, the head of Cooley's national Intellectual Property Litigation practice. And whatever financial injury Open Text suffers as a result of the Disqualification Order, to the extent Open Text is not itself responsible for it, likely can be recovered from Crowell & Moring, which created this problem by assigning a conflicted lawyer to advise Open Text. In short, the effects of the Court's Order are unexceptional and do not warrant certification under 1292(b) even if the Court construes "controlling" as Open Text suggests.

### ***2. SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION***

Open Text asserts that the Disqualification Order included two questions as to which there are substantial grounds for differences of opinion. First, Open Text argues that the question of "the appropriate legal standard to be applied for deciding" whether to disqualify counsel warrants review, because the Court had to choose between "two different lines of cases: three cases holding that the presumption does not apply to co-counsel and two cases holding that the Vicarious Presumption Rule of automatic disqualification extends to co-counsel." (Memo. at 7, 10.) These two lines of cases do not create grounds for any difference in opinion.

First, while the disqualification was "vicarious" in the sense that lawyers other than the one who had the conflict were disqualified, the Perkins Coie lawyers and the in-house counsel who were ordered screened had direct contact with the conflicted lawyer about the case. Second, this Court correctly followed California Court of Appeal precedent extending the vicarious disqualification rule to co-counsel who have worked with the conflicted attorney. *See Pound* v. *DeMera DeMera Cameron*, 135 Cal. App. 4th 70, 73 (2005). The competing line

of cases consists of three Federal District Court decisions which pre-dated, or failed to consider, *Pound*. (Disqualification Order at 16-17.) There is no question which line of cases this Court was bound to follow, much less a question so substantial that it warrants immediate appellate review: motions to disqualify in this Court are governed by California law. *See*, *e.g.*, *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

Open Text also argues there are grounds for a difference of opinion because the Court "reject[ed]" the reasoning of *Kirk* v. *First American Title Insurance Co.*, 183 Cal. App. 4th 776, 800 (2010). (Memo. at 10.) The Disqualification Order did not "reject[]" *Kirk*. Rather, the Court recognized that *Kirk* addressed ethical screens, which are not an issue here because Findley was never screened from Perkins Coie or Open Text. (Disqualification Order at 20.) Therefore Open Text's assertion that there is a "split in California appellate precedent" is wrong. There is one applicable California case, *Pound*, which the Court applied correctly.

Second, Open Text argues there are substantial grounds for disagreement about the Court's order that in-house counsel who had substantive communications with Findley concerning this action be screened from further involvement in the case. (Memo. at 13-16.) But screening in-house counsel who worked with Findley on this case is a straightforward application of the basic principle, set forth in *Pound*, that counsel who directly associate with a tainted attorney must also be disqualified. 135 Cal. App. 4th at 73. There is no authority holding that in-house should be treated differently from outside counsel, and there would be little point in disqualifying outside counsel because of the risk that they received j2's confidential information from Findley, but permitting in-house counsel who also worked directly with Findley and may have received j2's confidential information to continue working on the case and potentially pass that information (even if unwittingly) on to Open Text's new outside counsel. The

precise measures adopted to protect j2 from further injury—which in-house lawyers to screen, whether to permit new counsel to review the records and notes of prior counsel—is a fact-specific question that depends upon the circumstances of the particular case and is squarely within the discretion of the trial court. It is not appropriate for interlocutory review. *See Chehalem Physical Therapy, Inc.* v. *Coventry Health Care, Inc.*, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010).

Moreover, the fact that there is no authority applying the *Pound* rule to in-house counsel who have worked with a disqualified attorney does not create a substantial ground for disagreement. *See Couch* v. *Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) ("Nor does the fact that no California court has addressed the precise questions at issue satisfy the requirement of a substantial ground for disagreement"); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"). As in *Couch*, Open Text has "not provided a single case that conflicts" with this Court's ruling. 611 F.3d at 633. Open Text cites cases that it claims establish that the "hypothetical risk" of exposure to confidential information does not require disqualification. (Memo. at 13.) But here, the risk is not "hypothetical"—the Disqualification Order requires screening of in-house counsel who had direct, substantive communications with the tainted attorney about this action.[3] (Dkt. No. 285 at 23.) Open Text cites no cases suggesting that it is improper to screen or disqualify attorneys who had direct interactions with the tainted attorney. For example, Open Text cites *Frazier* v. *Super. Ct.*, 97 Cal. App. 4th 23, 27 (2002), but

---

[3] Open Text suggests that the Disqualification Order will prohibit new counsel from speaking to Open Text's employees who could be fact witnesses if those employees previously spoke to Findley. (Memo. at 12-13.) It seems to clear to j2 that the Disqualification Order is not intended to have that effect, but if Open Text believes the Order is ambiguous in that regard, the proper course is to raise the issue with j2 and/or this Court. Interlocutory appeal is not the proper vehicle for seeking clarification of this Court's orders.

there the Court declined to impute knowledge of confidential information from the tainted attorney to his firm, then from a different attorney in the firm to another firm. The tainted attorney did not substantively discuss the case with either of the other two attorneys. *See id*. at 32-33. *Frazier* does not provide grounds to disagree with this Court's decision to screen people who communicated directly with Findley about this case.

### *3. ADVANCEMENT OF THE TERMINATION OF THIS CASE*

Interlocutory appeal would not advance the termination of this case—on the contrary, it would cause substantial delay. An appeal, coupled with the stay Open Text also seeks, is certain to halt this litigation for an extended period time, likely a year or more.[4] This delay by itself compels denial of certification. *See S.E.C.* v. *Sells*, 2012 WL 4897385 (N.D. Cal. Oct. 15, 2012) (if "an interlocutory appeal would delay resolution of the litigation, it should not be certified").

Open Text argues that an appeal will advance the case because its new counsel will need time to familiarize themselves with the case. (Memo. at 16-17.) Cooley undoubtedly will need some time to get up to speed, but Open Text cannot seriously claim that more than two or three months are necessary, particularly since it has already been a month since the Court issued its Order and the Court made clear well before then that Open Text would need new outside counsel. Moreover, Cooley already has experience with the "Bobo" patent family—it represents Facebook in litigation regarding patents related to the '066 Patent that is at issue here. In 2011, Facebook asked the Judicial Panel on Multi-district Litigation to coordinate its case with j2's Bobo cases before this Court, including this one.

---

[4] In 2012 the median time from docketing to disposition of all appeals in the Federal Circuit from District Courts was 11.8 months. *See* http://www.cafc.uscourts.gov/images/stories/the-court/statistics/Median_Disposition_Time_Table_2003-2012.pdf. An appeal pursuant to Section 1292(b) requires the Federal Circuit to consider whether to accept the appeal, adding an additional step to the ordinary appeals process.

Facebook argued, through Cooley, that the Bobo cases "share common legal and factual questions" concerning claim construction, invalidity and infringement. As such, Cooley should be able to quickly get up to speed on the legal and factual issues in this case. And, if the Court's Order were affirmed, as it undoubtedly would be, then the delay resulting from Open Text retaining new counsel will occur anyway.

The two lead cases implicated by the Disqualification Order, Nos. 09-4150 and 09-4189, have been pending since 2008. When j2 moved to disqualify Perkins Coie, the discovery cutoff in these cases was roughly two months away and trial was little less than a year away. (Dkt. No. 209.) Even allowing for a reasonable period of time for Cooley to learn the case, the time necessary to complete an interlocutory appeal will likely exceed the time necessary to complete pre-trial proceedings in these cases, and could approach the time necessary to complete trial. A delay lasting nearly as long as the time left until trial, in order to appeal an issue that will have no bearing on the issues to be tried, cannot be construed as advancing the termination of the case. *See Shurance*, 839 F.2d at 1348 (interlocutory appeal would not advance the litigation where appeal might not be completed before the trial date).

## II.  THIS CASE SHOULD NOT BE STAYED.

"[A] stay is an extraordinary remedy to be granted sparingly where the applicant makes a strong showing of success on the merits and demonstrates an irreparable injury." *Maness* v. *Bayer Corp.*, 2010 WL 2011535, at *2 (S.D. Cal. May 19, 2010). "When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Indio* v. *Wyeth, Inc.*, 2011 WL 1566689, at *2

(E.D. Cal. Apr. 25, 2011) (*citing CMAX, Inc.* v. *Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Open Text has failed to demonstrate that a stay is warranted. As an initial matter, Open Text is seeking a stay even if the Court declines to certify the Disqualification Order for interlocutory appeal, on the basis that Open Text intends to file a mandamus petition should the Court decline to certify its Order. That request is premature, because no petition for mandamus has been filed, but is baseless in any event.

The factors governing the Court's analysis of Open Text's stay request overwhelmingly favor rejecting any stay and proceeding with this litigation. *First*, j2 will be severely prejudiced by a stay. j2 competes directly with Open Text, and therefore Open Text's ongoing and willful infringement of its patents causes it irreparable harm. *See Presidio Components, Inc.* v. *American Technical Ceramics Corp.*, __ F.3d __, 2012 WL 6602786, at *9 (Fed. Cir. Dec. 19, 2012). This case has been pending since 2008. It already has been delayed several months by these disqualification proceedings, necessitated first by j2's former lawyer being retained by Open Text and breaching his ethical duties to j2 and second by Open Text rejecting j2's request that Perkins Coie voluntarily withdraw, necessitating motion practice. j2 should not be subjected to further injury by another delay, this one likely lasting a year or more.

*Second*, Open Text will not suffer inequity absent a stay. Its claims of "devastating" harm are overblown. (*See* Part I.B.1, *supra*.) And it has itself to blame for whatever harm it faces. Open Text has admitted that its General Counsel was told by Findley that he had a potential conflict because he did work related to a Bobo patent while at Kenyon & Kenyon. (Dkt. No. 249.) Yet, despite the fact that Open Text was in the middle of a lawsuit concerning a Bobo patent in which Kenyon is counsel of record, Open Text's General Counsel apparently did not ask a single question or take any step whatsoever to follow up on the potential conflict.

(*Id.*) Thus, Open Text was at least on constructive notice of Findley's conflict. If it chose to do nothing and rely entirely on Crowell & Moring's assessment of a potential conflict, then it must bear the consequences of Crowell's wrong decisions.

Further, Open Text has failed to establish that it is likely to succeed on appeal. Its claimed injury (having to litigate the case with new counsel) will occur whether the Court grants a stay or not, because this Court's disqualification of Perkins Coie will likely be affirmed. Even if the Court certifies its Order, Open Text will be required to demonstrate on appeal that the Court abused its discretion in disqualifying Perkins Coie. *See Atasi Corp.* v. *Seagate Tech.*, 847 F.2d 826, 829 (Fed. Cir. 1988). Under the procedure approved by the Ninth Circuit, Open Text will be required to petition for a Writ of Mandamus, which requires a showing that this Court's decision was a clear abuse of discretion or judicial usurpation of power. *See Cheney* v. *U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004). It is highly unlikely Open Text will succeed in making that showing, particularly since it contends in this Motion that the Disqualification Order involved issues "over which reasonable judges might differ." (Memo. at 16 (quotation marks omitted).)

*Third*, a stay will do nothing to simplify the issues in this case or promote judicial economy. Open Text does not claim otherwise. (Memo. at 19.)

Taken together, these factors weigh solidly against a stay. j2 should be permitted to proceed with its infringement case.

**CONCLUSION**

For the foregoing reasons, j2 respectfully requests that Open Text's motion be denied.

Dated: January 22, 2013

Respectfully submitted,

/s/ Robert A. Sacks

Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4700
(650) 384-4701 facsimile

*Attorneys for Plaintiff j2 Global, Inc.*